**D. C. DAVIS et al., Appellants,**

v.

**Nathan E. HENLEY et al., Appellees.**

**No. 15792.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 16, 1971.

Rehearing Denied Oct. 7, 1971.

Vinson, Elkins, Searls & Smith, Raybourne Thompson, Jr., B. Jeff Crane, Jr., Houston, for appellants.

Charles M. Coussons, Jr., Geo. D. Neal, Houston, guardian ad litem, for appellees.

PEDEN, Justice.

The narrow question presented in this appeal is whether the trial judge abused his discretion in taxing against the defendants (who had prevailed in the suit) the fee of the guardian ad litem appointed for the minor plaintiff. The trial on the merits resulted in jury findings favorable to the defendants in this personal injury suit. On motion of the guardian ad litem for the minor plaintiff that his fee be taxed against the defendants, the trial judge conducted a hearing and ordered that the fee be taxed against them jointly and severally.

The appellants' points of error assert that the trial court erred in assessing the costs of the guardian ad litem fee against them in that there is no good cause for such adjudication and the record states none. They do not contend that the $900. fee was excessive or that it should be taxed against the minor, who is seven years old and without means, but that it should be taxed against his father, Henry Henley, Sr., and the father's attorney.

The transcript shows that Henry Henley, Sr., brought this cause for himself and as next friend for his minor son, Nathan E. Henley, for injuries the minor sustained in an automobile accident.

The statement of facts, which is limited to an account of the hearing on the motion to tax the fee of the guardian ad litem, shows that appointment of the guardian ad litem in this case was at the request of the attorney for the defendants.

Henry Henley, Sr., testified at the hearing on February 8, 1971, that he is now working for a drilling company and earned about $350 from it during January, 1971. He also has a used car lot at his home in Bon Wier, Texas, which his wife operates when he has a job elsewhere. He earned about $11,000 gross in 1970 and netted about $7,000, about ninety per cent of it having been earned in his used car business. He has sold one car during 1971 and made about $40 on it. He now has one car on the lot for sale and is asking $125 for it. He supports a family consisting of six children, his wife and himself. His job with the drilling company is only a temporary one because he failed the physical examination. He has no other income. He is buying the 9.3 acre tract at Bon Wier, and will be paying on it for another 15 years.

Rule 131, Texas Rules of Civil Procedure, states that the successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided. Rule 141 provides "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."

In the instant case the trial court's judgment recites that after a hearing on a motion to assess costs, the court is of the opinion and so finds that the minor's estate has no funds to pay the costs of the fee of the guardian ad litem and, further from the evidence, finds that good cause exists that the costs of court for such fee should be assessed against the defendants, jointly and severally, but that the defendants recover all other costs in their behalf expended.

Rule 141 gives the trial judge discretion in adjudging the costs, but he is required to state on the record good cause for not adjudging them in accordance with Rule 131.

■ We hold that the trial court thus complied with the requirement of Rule 141 that if the costs are to be adjudged otherwise than a recovery by the successful party against his adversary, good cause must be stated on the record.

■ Having concluded, as the evidence compelled him to do, that the unsuccessful minor plaintiff could not pay the fee in question, the trial judge was entitled to consider several factors in this case.

For one, it is important that the minor plaintiff have competent counsel, and the attorney who accepts the appointment should be reasonably sure of receiving the fee for his services which is provided for in Rule 173. For another, it is not the minor alone who benefits from those services; defendants wish to be sure that a judgment adverse to a minor will not be overturned for lack of a guardian ad litem's having been appointed. Also, the record does not show that the Henley claim was frivolous. Had it done so, this would have been a factor militating against the trial court's decision.

We find no cases exactly in point. With respect to minor *defendants,* our Supreme Court adopted the opinion of the Commission of Appeals in Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81 (1942), in which it was stated:

"The general rule is that the fee for representing a minor defendant should be taxed against the minor personally served with citation when the judgment in the cause is unfavorable to him and it is shown that he has property out of which the fee can be collected, but that when the minor has no property or estate out of which the fee can be collected, the court should charge it against the successful plaintiff. The fee is allowed as compensation for services rendered the minor but it is authorized to be taxed as a part of the costs of suit and is deemed costs incurred by the plaintiff within the meaning of the statute. Article 2052, Revised Civil Statutes of 1925. The fee allowed for representing a nonresident defendant or a defendant whose place of residence is unknown, cited by publication, should, under the same general rule, be taxed against the successful plaintiff, since no personal judgment can be rendered against the defendant for costs. When there is another defendant or other defendants than the minor or the party cited by publication, no part of the fee should be taxed against the other defendant or defendants unless facts or circumstances are shown by the record from which it clearly appears that he or they should, in fairness, be required to pay part or all of the fee. (citing cases)

"The Texas Rules of Civil Procedure are in substance the same as those construed in the decisions above cited. Rules 127, 131, 141, 173, 244; Revised Civil Statutes of 1925, Articles 2052, 2056, 2066, 2159, 2158."

An interesting discussion of Texas decisions on this subject is found in a note by Mr. Richard Jackson at 21 Baylor Law Review 386 (1969).

■ We hold that the trial judge was not required to assess against Henry Henley, Sr., the fee which the guardian ad litem is entitled to receive. The record does not demonstrate that Henley has the assets or is assured of the income from which to pay the $900. fee.

The power of attorney signed by Henry Henley, Sr., in favor of his attorney, Chas.

Coussons, Jr., is in evidence, and Mr. Coussons testified that he had paid the costs theretofore incurred by the plaintiffs in this cause. The record is silent as to his ability to pay the fee in question.

The record before us is also silent as to the ability of the appellants, General Motors Acceptance Corporation and D. C. Davis, to pay the fee of the guardian ad litem.

We conclude that the appellants have failed to show that the trial judge abused his discretion.

Affirmed.

On Motion for Rehearing

The appellants complain that we were incorrect when we stated in the fourth paragraph of our opinion that the statement of facts shows that the appointment of the guardian ad litem in this case was at the request of the attorney for the defendants.

We withdraw that statement. In its place we substitute the paragraph which follows:

Mr. Henley testified that he was present in November of 1970 when this case was called for trial (at an earlier setting) and heard the attorney for the defendants ask the court to continue the case because there was no attorney ad litem present. Also, that the defendants' attorney said the case could not be tried without an attorney ad litem. At this point the trial judge remarked that the defendants' attorney had told him the same thing when this case had been reset at the last hearing. No controverting testimony was offered as to this matter. The transcript does not contain a motion for continuance filed by the defendants; it does contain a motion filed by the adult plaintiff asking for appointment

of a guardian ad litem for the minor plaintiff and an order dated November 19, 1970, appointing one.

The motion for rehearing is overruled.