**WALMART STORE, INC. and Baby Togs, Inc., Appellants,**

v.

**Bruce D. ROGERS, et al., Appellees.**

**No. 05–83–00736–CV.**

Court of Appeals of Texas, Dallas.

July 19, 1984.

Rehearing Denied July 19, 1984.

Edwin J. Lamberty Jr., Patterson, Lamberty, Kelly & Stanford, Peter T. Martin, Patterson, Lamberty, Kelly & Stanford, Dallas, for appellants.

Edgar J. Garrett, Jr., Commerce, Jim D. Lovett, Jim D. Lovett & Assoc., P.C., Clarksville, for appellees.

L. Stuart Platt, Greenville, ad litem.

Before CARVER, VANCE and WHITHAM, JJ.

VANCE, Justice.

*On Motion for Rehearing*

Our former opinion of June 19, 1984, is withdrawn, and the following is now our opinion.

This is an appeal from a judgment of the trial court assessing one-half of the total guardian ad litem fees, amounting to $16,161.50, incurred on behalf of the minor plaintiff, Stephanie Rogers, to the defendant-appellant, Walmart Store, Inc. and Baby Togs, Inc. (Walmart). Although Walmart successfully defended the lawsuit, the trial judge charged it with one-half the guardian ad litem fees due to Walmart's prolonging of the testimony and presentation of evidence "for strategical reasons," resulting in a substantial prolongation of the trial and increase in the time and expense associated with the representation by the guardian ad litem. The court found these actions provided "good cause" for the court to assess one-half the fees as costs of court to Walmart. Walmart now appeals that judgment.

Walmart contends that the trial court abused its discretion by awarding the appellees, the unsuccessful plaintiffs in the action, one-half of the guardian ad litem fees against Walmart, the successful party to the lawsuit. Walmart further contends that a finding by the trial judge stating that one party prolonged the trial is not sufficient "good cause," as provided for in TEX.R.CIV.P. 141, for assessment of guardian ad litem fees against a successful party. We agree with both contentions and thus reverse the judgment of the trial court and order that the guardian ad litem fees be taxed completely against the appellees, jointly and severally, as the unsuccessful parties to the lawsuit.

TEX.R.CIV.P. 131 provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, *except where otherwise provided.*" (emphasis added). TEX.R.CIV.P. 141 pro-

vides such an exception by stating that "[t]he court may, *for good cause,* ... adjudge the costs otherwise than as provided by law or these rules." (emphasis added). Therefore, if costs are to be adjudged in a manner other than recovery of all costs by the successful party, "good cause" must be stated on the record. *Davis v. Henley,* 471 S.W.2d 883, 885 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). "Good cause" for the purpose of these rules has not been clearly defined by our courts, and must, in a great measure, rest in the sound discretion of the trial court, *Morrow v. Terrell,* 50 S.W. 734, 736 (Tex.Civ.App. 1899, writ ref'd), and the trial court's ruling will ordinarily not be reversed absent a showing on the record of an abuse of discretion. *Lofton v. Norman,* 508 S.W.2d 915, 922–23 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

Because "good cause" has never clearly been defined, the courts have wrestled, on a case by case basis, with what actually constitutes "good cause." The courts have stated that ad litem fees, as costs, may be taxed against a successful party when circumstances are shown by the record from which it clearly appears that the party should, *in fairness,* be required to pay all or part of the fee. *Bruni v. Vidaurri,* 140 Tex. 138, 166 S.W.2d 81, 96 (1942). Furthermore, in instances where a party to litigation *unreasonably or unnecessarily* runs up the court costs, the courts have stated that it would be right and equitable for him to bear the burden of any extra costs over and above those reasonably incurred. *Harris v. Shotwell,* 490 S.W.2d 860, 861 (Tex.Civ.App.—Fort Worth 1973, no writ).

In *Davis v. Henley,* 471 S.W.2d 883 (Tex. Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.), the court considered several factors before determining whether "good cause" existed in that case for taxing the successful defendant with ad litem fees. *Id.* at 885. These included the fact that neither the minor nor her parents could afford to pay the ad litem fees, plus the fact that the claim was not frivolous. Furthermore, the court emphasized the impor-

tance of the minor plaintiff having competent counsel. *Id.* Perhaps most important, the court noted that the *defendant's* wish was to be sure that a judgment adverse to the minor would not be overturned for lack of an ad litem and as a result of the *defendant's* concern, an ad litem was appointed. *Id.* at 886.

In the instant case, however, the defendant in no way requested the appointment of a guardian ad litem. Rather, the appointment was done by the court in order to avoid any *potential* conflict that could arise. Furthermore, the parents of the minor plaintiff were clearly capable of paying the ad litem fees, as their income is in excess of $30,000 annually. Finally, the minor plaintiff was never in jeopardy of lack of competent counsel, as two attorneys had been hired by the parents on the minor plaintiff's behalf. Therefore, none of the factors favoring assessing the guardian ad litem fees against the successful defendant present in *Davis* are present in this case, and thus will not support a finding of "good cause."

■■■ The trial judge in the instant case chose, rather, to base his finding of "good cause" on Walmart's excessive prolongation of the trial. During the trial, counsel for Walmart extensively cross-examined a number of expert witnesses called by the appellees, and, according to the trial court, extended the trial from approximately 15 days to 22 days. Furthermore, Walmart made numerous objections to the introduction of evidence throughout the trial. These strategical moves, according to the judge, unnecessarily extended the length of the trial and constituted sufficient "good cause" to tax Walmart with one-half of the guardian ad litem fees. We disagree. It is not for the trial judge, after the fact, to second guess the trial tactics of a party's attorney in a lawsuit. Vigorous representation of a client, including the voicing of objections and the extensive cross-examination of witnesses, can not result in a punitive assessment of costs, in any form, against a successful party, especially when

**316**

neither that party, nor his attorney, was acting in any alleged unethical or improper manner, but rather was fully within the bounds of propriety. This punitive assessment must necessarily constitute an abuse of discretion by the trial judge. We hold, therefore, that "good cause" as required under rule 141 was not present in this case, and that it was an abuse of discretion for the trial judge to so find "good cause." Accordingly, as provided in rule 131, costs are to be properly assessed *totally* against the appellees, the losing party to the lawsuit. Thus, the judgment of the trial court is reversed and it is hereby ordered that the guardian ad litem fees of $16,161.50 are to be taxed, jointly and severally, against the appellees. Appellees' motion for rehearing is overruled.

Reversed and rendered.