**DOVER ELEVATOR COMPANY,**
Appellant,

v.

**Maria Teresa SERVELLON,**
et al., Appellees.

No. 05–92–01619–CV.

Court of Appeals of Texas,
Dallas.

Aug. 5, 1993.

Steven R. McCown, Peter A. Warrick, Dallas, for appellant.

George (Tex) Quesada, Joel M. Fineberg, Dallas, for appellees.

Gary W. Sibley, Dallas, guardian ad litem.

Before THOMAS, OVARD and MORRIS, JJ.

## OPINION

OVARD, Justice.

Dover Elevator Company brings a limited appeal from that portion of the trial court's final judgment that assessed guardian ad litem fees against it. In three points of error, Dover contends the trial court erred in (1) holding a second hearing on the issue of guardian ad litem fees, (2) assessing guardian ad litem fees against Dover in the absence of good cause, and (3) awarding an arbitrary and unreasonable amount of guardian ad litem fees. Because good cause was not shown for assessing the guardian ad litem fees against the prevailing party, we reverse that part of the trial court's judgment that assessed the fees against Dover and render judgment assessing the fees against Maria Servellon and the minor plaintiffs.

## FACTS

Adrian Ruiz Garcia died in an elevator shaft while working. His wife, Maria Teresa Servellon, children, Noe Antonio Ruiz Garcia, Gladys Yamilet Ruiz Garcia, and Rosibel Ruiz Garcia, parents, Leo Cadio Garcia and Patricia Ruiz, and brother, Pablo Garcia, brought a wrongful death lawsuit[1] against Metropolitan Life Insurance Company, Lincoln Property Company, Ace Building Service, Inc., and Dover. Prior to trial, the trial court appointed appellee, Gary Sibley, as guardian ad litem for the minor plaintiffs.

Defendants Metropolitan Life Insurance Company, Lincoln Property Company, and Ace Building Service, Inc. executed out-of-court settlement agreements with the plaintiffs before trial. The plaintiffs and Pablo Garcia[2] settled for $575,000 collectively. It was agreed that $150,000 of these funds would be set aside for the minor plaintiffs. Pablo Garcia and Mrs. Servellon received the remainder of the settlement funds after attorneys' fees were deducted.

The plaintiffs did not accept a settlement proposal from Dover, the only remaining defendant. The case against Dover proceeded to trial with Sibley acting as guardian ad litem for the minor plaintiffs. The jury returned a verdict for Dover. On August 7, 1990, the trial court signed a judgment in favor of Dover and assessed all court costs, except those costs to be paid by the other defendants, against the plaintiffs. The trial court, however, assessed the guardian ad litem fees in the amount of $18,900 against Dover, the prevailing party.

Dover appealed that portion of the trial court's judgment that assessed guardian ad litem fees against it. In a published opinion, this Court reversed the judgment of the trial court because the trial court did not set forth facts establishing good cause for assessing guardian ad litem fees against the prevailing party. The case was remanded for the trial court to "allocate costs." *Dover Elevator Co. v. Servellon,* 812 S.W.2d 366, 367–68 (Tex. App.—Dallas 1991, no writ). This Court further ordered that Dover receive its costs of the appeal from the plaintiffs and from Gary Sibley.

On February 7, 1992, on remand, the trial court held another hearing to allocate costs. On May 19, 1992, the trial court signed the judgment, once again taxing the guardian ad litem fees against Dover. The trial court ordered Dover to pay the original $18,900 for guardian ad litem fees incurred prior to June

1. Appellees Noe Antonio Ruiz Garcia, Gladys Yamilet Ruiz Garcia, and Rosibel Ruiz Garcia will be referred to as "the minor plaintiffs." Appellees Maria Servellon and the minor plain-
tiffs will be referred to collectively as "the plaintiffs."

2. Apparently, the decedent's parents, Leo Cadio Garcia and Patricia Ruiz, did not receive a part

14, 1991,[3] together with post-judgment interest. Additionally, the trial court assessed guardian ad litem fees in the amount of $8200 for services rendered from June 14, 1991 to the date of the May 19, 1992 judgment. Moreover, the trial court ordered Dover to pay $9000 to the guardian ad litem in the event of an appeal. Thus, the trial court increased the total fee assessed Dover to $36,100.

## THE SECOND HEARING

In its first point of error, Dover contends the trial court abused its discretion in holding a second hearing on the guardian ad litem fees. It contends the trial court should not have allowed the plaintiffs and the guardian ad litem to offer additional evidence on the issue of good cause regarding the guardian ad litem fees.

■ We first note that Sibley asserts Dover waived its first point of error because it did not "completely" cite to the record or to authority on appeal. In its brief, Dover cited rules 131 and 141 of the Texas Rules of Civil Procedure in its argument under its first point of error. The errors of which Dover complains are readily apparent to this Court from reading its brief. *See* TEX.R.APP.P. 74(d). We hold that Dover did not waive this point of error on appeal.

■ Regarding the merits of this point of error, this Court reversed the trial court's first order regarding the guardian ad litem fees, stating:

> We reverse the portion of the judgment ordering Dover to pay guardian ad litem fees and remand the cause for proper allocation of the costs, pursuant to rules 131 and 141.... We remand this cause to the trial court to allocate costs and, if good cause is found to assess guardian ad litem fees against the prevailing party, the trial court shall state its reasons for finding good cause on the record.

*Dover*, 812 S.W.2d at 367–68.

This Court's opinion could be construed as ordering an additional hearing regarding

of the settlement funds.

good cause. Accordingly, we hold the trial court did not err in hearing evidence regarding good cause. Appellant's first point of error is overruled.

## GOOD CAUSE & THE AWARD OF AD LITEM FEES

In its second point of error, Dover contends the trial court erred in assessing guardian ad litem fees against it because good cause did not exist under rules 141 and 173 of the Texas Rules of Civil Procedure.

### 1. Applicable Law

■ The award of guardian ad litem fees is within the sound discretion of the trial court. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 794 (Tex.1987). Absent evidence illustrating a clear abuse of discretion, a reviewing court will not set aside the award. *Id.*

■ Rule 131 provides that "The successful party to a suit shall recover of his adversary all costs incurred therein, except for as otherwise provided." TEX.R.CIV.P. 131. Under rule 173, guardian ad litem fees should be taxed "as part of the costs." TEX.R.CIV.P. 173; *Rogers v. Wal–Mart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex.1985). A court may not adjudge costs other than as provided by rule 131 *unless good cause is shown* on the face of the record. TEX.R.CIV.P. 141; *Rogers*, 686 S.W.2d at 601.

### 2. Payment by Unsuccessful Party

■ Dover was the "successful party" because it received a jury verdict in its favor. *See Perez v. Baker Packers*, 694 S.W.2d 138, 143 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Therefore, the trial court was not authorized to assess guardian ad litem fees against Dover unless good cause was shown on the face of the record. *See Rogers*, 686 S.W.2d at 601.

### 3. Financial Inability To Pay

The plaintiffs and Sibley argue that good cause was shown because (1) the plaintiffs

3. The date of this Court's first opinion in this case.

were financially unable to pay the guardian ad litem fees, and (2) Dover obtained a benefit from the appointment of the guardian ad litem. Regarding financial inability to pay, the record reveals that the plaintiffs were able to pay the guardian ad litem fees at the time of the assessment of the fees. At the hearing of July 12, 1990, the trial court approved the settlement agreement awarding $550,000 to the plaintiffs and *also* assessed guardian ad litem fees against Dover. Because of the availability of these settlement funds when the guardian ad litem fees were assessed, the plaintiffs clearly were not "financially unable" to pay the guardian ad litem fees. Nothing in the record explains why the settlement funds could not have been applied to pay the guardian ad litem fees at that time.[4] If the record showed both that the plaintiffs were unable to pay the fees *and* that Dover obtained a benefit, we would agree with the plaintiffs' position. *See Davis v. Henley*, 471 S.W.2d 883, 885 (Tex.Civ. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). The record, however, does not support these allegations.

■ The plaintiffs argue that the minor plaintiffs' settlement funds were not available to pay the guardian ad litem fees because the funds were "immediately placed in an annuity." The plaintiffs, however, cannot avoid their responsibility as nonprevailing parties for the payment of the fees simply by placing their funds into an investment and then arguing that the funds are unavailable for the purposes of paying the fees. An annuity[5] is an "asset." *See* BLACK'S LAW DICTIONARY 117 (6th ed. 1990) (defining asset). *See also Davis*, 471 S.W.2d at 885 (discussing whether the plaintiffs have assets from which the guardian ad litem fees may be paid). The plaintiffs elected to place the minor plaintiffs' funds into the annuity. Although there was evidence that the minor plaintiffs cannot reach the annuity funds until they reach a certain age, good cause has still not been established. The plaintiffs voluntarily placed the settlement funds into this investment.

This does not create good cause to assess the fees against Dover, even if the funds cannot be reached. The plaintiffs' actions in placing the funds into an annuity does not change the fact that the funds were available to pay the guardian ad litem fees at the time the fees were assessed. We believe the plaintiffs cannot be permitted to create their own alleged inability to pay so that the fees will then be assessed against the prevailing party. Because the funds were available for the payment of the fees *at the time the fees were assessed against Dover,* we conclude the plaintiffs have not established good cause.

The plaintiffs contend Dover waived any error in the trial court when it failed to object to the settlement agreement when the minor plaintiffs' settlement funds were placed in an annuity. However, Dover was not a party to that settlement agreement and was not required to object. *See Dancy v. Cave,* 760 S.W.2d 40, 44 (Tex.App.—Amarillo 1988, orig. proceeding). In any case, we have already held that the fact that the funds were placed in an annuity did not create good cause for the assessment of the fees against Dover.

### 4. Benefit to Prevailing Party

The plaintiffs maintain that good cause existed because Dover obtained a benefit from the appointment of the guardian ad litem. They argue that "good cause may take the form of [a] defendant's having a judgment not subject to attack for lack of a guardian," citing *Davis v. Henley*. In *Davis*, the trial court assessed the guardian ad litem fees against the prevailing party. The court of appeals emphasized, however, that neither the minor plaintiff nor his father had any assets from which the fees could be paid. *See Davis,* 471 S.W.2d at 885. It follows that the trial court would have assessed the guardian ad litem fees against the minor plaintiff or his father if they had sufficient property out of which such a fee could have been collected.

---

4. The attorney for Maria Servellon testified the plaintiffs received the money from the settlement and his firm received its contingent fee.

5. An annuity is an investment that generally creates a "right to receive fixed, periodic payments, either for life or for a term of years." *See* BLACK'S LAW DICTIONARY 90 (6th ed. 1990).

■ If this benefit to Dover, alone, constituted good cause, guardian ad litem fees could always be assessed against a prevailing defendant. Prevailing defendants will always benefit from the appointment of a guardian ad litem because the appointment resolves conflict-of-interest problems. We hold this benefit, alone, does not constitute sufficient good cause to assess costs against Dover.

### 5. General Policy Regarding Payment of Ad Litems

Sibley asserts that the ability of the ad litem to be reasonably sure of receiving a fee for his services is good cause to assess the fees against the prevailing party, citing *Rhodes v. Cahill*, 802 S.W.2d 643 (Tex.1990). However, in *Rhodes*, the attorney ad litem represented parties who had been served by publication and who could not be located. Under those circumstances, no one other than the prevailing party was available to pay the attorney ad litem fees. *See Rhodes*, 802 S.W.2d at 647. If costs had not been assessed as they were in *Rhodes*, the attorney ad litem would not have received payment at all. *Id.* In the case at bar, the plaintiffs were financially able and the funds were available to pay the guardian ad litem fees when the fees were assessed. The trial court approved the settlement agreement awarding funds to the plaintiffs. Even though this made funds available for the payment of the fees, the trial court then assessed the fees against Dover. We determine this was error.

■ This Court recognizes and supports the policy that those who accept ad litem appointments should be reasonably sure of receiving a fee for their services. *See Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex.1992). In this case, however, settlement funds were available for the payment of the guardian ad litem fees. In fact, the settlement funds were awarded to the plaintiffs the same day that the guardian ad litem fees were assessed against Dover. We are convinced that the trial court's approval of a settlement in an amount far exceeding the amount of the ad litem fees, but which did not provide for the payment of the fees, does not establish "good cause" to order a prevailing defendant to pay the fees.

### 6. Parent's Ability To Pay

■ The record reflects that Maria Servellon had sufficient assets in the form of the $400,000 in settlement funds from which the fees could have been paid. Even if the minor plaintiffs did not have assets from which the fee could be paid, the trial court should have then ordered Servellon to pay the fees. *See Davis*, 471 S.W.2d at 885 (discussing whether parent of minor plaintiff had assets from which the guardian ad litem fee could be paid.)

### 7. Conclusion Regarding Good Cause

■ The trial court must have good cause to assess the fees against a prevailing party. TEX.R.CIV.P. 141. Good cause must exist at the time the fees are assessed. *See* Rule 141. The record reflects that the plaintiffs had more than sufficient funds to pay the guardian ad litem at the time the fees were assessed. We are persuaded that structuring a settlement agreement in such a manner that the funds are placed in an investment allegedly "unreachable" for the payment of the guardian ad litem fees does not create "good cause" under rule 141. The settlement agreement in this case could have been fairly structured to provide for the payment of the guardian ad litem fees by the unsuccessful party, as is contemplated by the Texas Rules of Civil Procedure. We hold the record fails to show there was good cause to support the trial court's assessment of fees against Dover. Because the record does not support the good cause finding, we hold the trial court abused its discretion and sustain Dover's second point of error.

### AMOUNT OF AWARD

In its third point of error, Dover contends that the trial court erred in awarding additional guardian ad litem fees because the award is arbitrary and unreasonable. Because we have already held that the trial court erred in awarding guardian ad litem fees against Dover, we need not address this point of error.

## WAIVER ON APPEAL

■ The plaintiffs contend that Dover waived error on appeal because it failed to challenge the trial court's findings of fact. Findings of fact, although unchallenged, are not conclusive on appeal when, as in this case, a statement of facts appears in the record. *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156, 157 (1950); *Uvalde County v. Barrier*, 710 S.W.2d 740, 743 (Tex.App.—San Antonio 1986, no writ).

The plaintiffs next contend the judgment of the trial court must be affirmed because Dover failed to bring forth a complete record on appeal. The plaintiffs contend the record is incomplete because it does not include the statement of facts from the hearing of July 7, 1990. However, the record on appeal was supplemented after the plaintiff's brief was filed and the statement of facts from the hearing of July 7, 1990 was included in the record on appeal. Consequently, the record is not incomplete.

■ The plaintiffs then assert Dover waived any error in the trial court by failing to object to the taxing of the guardian ad litem fees against it. However, the record reflects that Dover contested this issue in the first hearing. At the second hearing on February 7, 1992, Dover said it "stood on" the record from the first hearing and also argued that good cause did not exist for taxing the guardian ad litem fees against it. At the February 7 hearing, Dover further argued that if the plaintiffs and Sibley were going to assert that the plaintiffs were unable to pay the guardian ad litem fees, then it would show the settlement funds were available to pay the guardian ad litem fees. Through the testimony of Sibley and the attorney for Maria Servellon and Pablo Ruiz, Dover showed the settlement funds were paid to the plaintiffs. At the hearings, Dover made its position clear regarding the taxing of the ad litem fees. *See* Tex.R.App.P. 52(a). We hold Dover was not required to object further to preserve error and did not waive its argument that good cause did not exist under rule 141.

The plaintiffs contend Dover waived error by failing to "obtain a ruling" regarding its objections to the assessment of the guardian ad litem fees. However, the trial court "ruled" when it assessed the guardian ad litem fees against Dover.

■ The plaintiffs contend Dover waived error by failing to file a post-judgment motion objecting to the trial court's judgment, citing *McCord v. Watts*, 777 S.W.2d 809 (Tex. App.—Austin 1989, no writ), and *Hill v. Robinson*, 592 S.W.2d 376 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). In *McCord*, error was waived in the trial court when the appellant failed to object when the trial court ordered each party to pay its own attorney's fees. *McCord*, 777 S.W.2d at 813. In *Hill*, the appellant waived error in the trial court by failing to challenge the trial court's award of guardian ad litem fees to the prevailing party. *Hill*, 592 S.W.2d at 385. In both cases, error was waived because the appellant failed to call the alleged error to the attention of the trial court. *See McCord*, 777 S.W.2d at 813; *Hill*, 592 S.W.2d at 385. In the case at bar, Dover made the trial court aware it contested the assessment of the guardian ad litem fees against it. We hold Dover was not required to file a motion for new trial or other postjudgment motion to argue on appeal that the trial court erred in taxing the guardian ad litem fees against it. *See* Tex.R.App.P. 52(d); Tex.R.Civ.P. 324(b). The judgment of the trial court is reversed in part and judgment is rendered taxing the guardian ad litem fees against Noe Antonio Ruiz Garcia, Gladys Yamilet Ruiz Garcia, Rosibel Ruiz Garcia, and Maria Teresa Servellon. Because the issue of the guardian ad litem fees is the only issue before us on appeal, we have nothing further to review.