Emmanuel DeSAI, M.D., Appellant,

v.

Jennifer ISLAS et al., Appellees.

No. 11–93–207–CV.

Court of Appeals of Texas, Eastland.

Sept. 8, 1994.

Rehearing Denied Oct. 20, 1994.

---

6. *Everyone* is a non-resident of some place.

Stan Thiebaud, Charles T. Frazier, Jr., R. Michael Northrup, Andrea M. Kuntzman, Cowles & Thompson, Dallas, for appellant.

Vic Terry, Timothy Kelley, Warren Hays, Dallas, for appellees.

Thomas L. Davis, Gueck, Davis, Seeberger & Siegel, Dallas, Attorney Ad Litem.

## OPINION

McCLOUD, Chief Justice.

This case involves the taxing of costs against the successful party to a suit. Jennifer Islas and Brandon Islas filed a medical malpractice suit individually and as next friends of Dion Islas, a minor, against Dr. Emmanuel DeSai. The trial court appointed Thomas L. Davis as guardian ad litem to represent the interest of the minor. The jury found the liability issues in favor of Dr. DeSai. The court entered a take-nothing judgment and ordered that the costs, except

fees awarded for services rendered by the guardian ad litem, be paid by the plaintiffs. The court ordered that the $6,926 guardian ad litem fee be taxed against the plaintiffs and defendant, jointly and severally. Dr. DeSai appeals only the portion of the court's order concerning the guardian ad litem's fees. We affirm.

TEX.R.CIV.P. 173 provides that a guardian ad litem is allowed a reasonable fee for services rendered and that such fee should be taxed as part of the costs. TEX. R.CIV.P. 131 states that the successful party to a suit shall recover all costs incurred, "except where otherwise provided." TEX. R.CIV.P. 141 provides: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."

The court in *Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599 (Tex.1985), stated:

[I]n Rule 141 cases, an appellate court should scrutinize the record to determine whether it supports the trial judge's decision to tax the prevailing party with part, or all, of the costs. *Bruni v. Vidaurri,* 140 Tex. 138, 166 S.W.2d 81, 96 (1942). Unless the record demonstrates an abuse of discretion, the trial judge's assessment of costs for good cause should not be disturbed on appeal.

The transcript shows that the trial court conducted a hearing on the issues of the amount of the fee and how the fees should be taxed. There is no statement of facts from those hearings. The official court reporter filed an affidavit stating that she was not requested to record the hearings and that no "statement of facts" exists.

The guardian ad litem argues that, without a statement of facts, we must presume the evidence before the court was sufficient. See *Simon v. York Crane & Rigging Company, Inc.,* 739 S.W.2d 793 (Tex.1987). Dr. DeSai urges that, since there is no statement of facts and since the judgment signed by the court fails to state the reasons for finding "good cause" to tax the costs against the successful party, the "record" fails to reflect that the trial court properly found

"good cause" to tax the costs against Dr. DeSai. See *Dover Elevator Company v. Servellon,* 812 S.W.2d 366 (Tex.App.—Dallas 1991, no writ).

■ An appellant has the duty to furnish a sufficient record to show error requiring reversal. TEX.R.APP.P. 50(d) and 53(k); *Reed v. State of Texas Department of Licensing and Regulation,* 820 S.W.2d 1 (Tex. App.—Austin 1991, no writ). Dr. DeSai has the burden of providing this court with a statement of facts. *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). Dr. DeSai has failed to present a sufficient record to show that the trial court abused its discretion. We must presume that the trial court heard sufficient evidence to support its decision and that the court properly stated its reasons for finding "good cause" to tax the costs as was ordered. *Hirczy v. Hirczy,* 838 S.W.2d 783 (Tex.App.—Corpus Christi 1992, writ den'd). We reject Dr. DeSai's contention that the reasons supporting "good cause" must be included in the judgment. The first point of error is overruled.

■ Dr. DeSai contends, in his second point of error, that the court erred in awarding the guardian ad litem additional fees in the event the case was appealed. The courts in *Hirczy v. Hirczy, supra,* and *Smith v. Smith,* 720 S.W.2d 586 (Tex.App.—Houston [1st Dist.] 1986, no writ), approved the award of additional fees in the event of an appeal. Rule 173 provides that a guardian ad litem should be compensated for his services. Here, the trial court has allowed a contingent additional fee in the event the guardian ad litem is forced to defend the original fee as ordered by the court. All of the questioned fees result from the appointment and services provided by the guardian ad litem. Dr. DeSai's second point of error is overruled.

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.