**HOLT TEXAS, LTD., Appellant,**

v.

**Oscar HALE, Jr., Appellee.**

No. 04–02–00795–CV.

Court of Appeals of Texas, San Antonio.

May 12, 2004.

---

Katherine D. Mackillop, John E. Cyr, Fulbright & Jaworski L.L.P., Houston, Eduardo Roberto Rodriguez, Jaime A. Saenz, Rodriguez, Colvin & Chaney, L.L.P., Brownsville, for appellant.

Kristina Laurel–Hale, Laredo, for appellee.

Oscar Hale, Jr., Jones & Gonzalez, P.C., Laredo, pro se.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

Opinion by PHYLIS J. SPEEDLIN, Justice.

The motion for rehearing filed by appellant, Holt Texas, Ltd. d/b/a Holt Company of Texas ("Holt"), is denied. This court's opinion and judgment dated March 3, 2004, are withdrawn, and this opinion and judgment are substituted. We substitute this

opinion to remove any references to the confidential settlement amount.

Holt appeals the trial court's award to Oscar Hale, Jr. ("Hale") of $50,000 for his services as a guardian ad litem for two minor children. On appeal, Holt contends that the trial court abused its discretion because the fees awarded to Hale are excessive and are not supported by sufficient evidence. Holt contends that the trial court also erred in awarding fees incurred as a result of the dispute over Hale's ad litem fees. Because we sustain Holt's second and third issues, we suggest a remittitur of $ 27,500. If a remittitur is timely filed, the trial court's order awarding the guardian ad litem fees will be reformed, and we will affirm the trial court's judgment and the order as reformed.

## BACKGROUND

In May 2000, Manuel Garcia Gatica ("Gatica") was fatally injured in a construction accident. Gatica's widow subsequently filed a wrongful death lawsuit against Holt seeking damages for herself, Gatica's estate, and their two minor children. Gatica's parents also sought damages. The plaintiffs alleged that an excavator's ruptured hydraulic hose caused a cannister to strike Gatica in the head and that a Holt employee had failed to properly inspect and service the excavator. Holt answered and filed a third-party petition against David Jones d/b/a Landmark Earth Moving Service ("Jones"), claiming Jones was responsible for the ruptured hose.

The attorneys for the parties negotiated a settlement. On April 11, 2002, the trial court appointed Hale to serve as the guardian [1] ad litem for Gatica's minor children. On June 4, 2002, Hale filed a sealed report with the trial court. A hearing was

held on Hale's request for ad litem fees. On July 9, 2002, the trial court entered an order awarding Hale $50,000 for his services. The trial court also entered findings of fact regarding the award. A final judgment approving the settlement was entered on August 6, 2002. Holt appealed the trial court's order awarding the guardian ad litem fee, claiming the fee is excessive and includes hours expended by Hale during the fee dispute.

## APPLICABLE LAW AND STANDARD OF REVIEW

Rule 173 of the Texas Rules of Civil Procedure permits a trial court to appoint a guardian ad litem when a minor is represented by a guardian or next friend who appears to have an interest adverse to the minor. *See* TEX.R. CIV. P. 173. Guardian ad litems are entitled to a reasonable fee for their services to be taxed as costs of court. *Id.* A trial court determines the appropriateness of an ad litem fee by examining the same factors that determine the reasonableness of all attorney's fees as set out in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct, including: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee

---

1. The trial court's order appoints Hale as attorney ad litem; however, both parties acknowledge that the nature of Hale's appointment was as a guardian ad litem.

is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon 1998); *Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999); *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 794 (Tex.1987).

■■■ An appellate court will not set aside an award of guardian ad litem fees absent evidence of a clear abuse of discretion. *Garcia,* 988 S.W.2d at 222. The trial court's discretion in setting an ad litem fee, however, is not unbridled. *Simon,* 739 S.W.2d at 794. A trial court abuses its discretion in its award of ad litem fees if there is no evidence or insufficient evidence to support the award. *See Borden, Inc. v. Martinez,* 19 S.W.3d 469, 471 (Tex.App.-San Antonio 2000, no pet.); *Dalworth Trucking Co. v. Bulen,* 924 S.W.2d 728, 738 (Tex.App.-Texarkana 1996, no writ).

### GUARDIAN AD LITEM FEE

#### 1. The Evidence

■■ The trial court specifically found that Hale engaged in 90 hours of work as a guardian ad litem. The court found that a minimum fee of $300 per hour is a customary ad litem fee in the community. The court found that an award of $50,000 is reasonable and consistent with the customary ad litem fees in the community.

At the hearing, Hale testified that he had been licensed since 1995. After his appointment as guardian ad litem, he performed at least 80 hours of work which included interviewing the children's parents and family members. Hale made two trips to Mexico to discuss the settlement agreement with the adult plaintiffs. He admitted that the settlement agreement had already been drafted, but stated he helped resolve the matter by further explaining the settlement terms, particularly the need for an annuity, to the adult plaintiffs in Spanish. Hale also wrote letters to other attorneys involved in the case, and researched and reviewed the proposed annuity plans. Furthermore, he assisted the plaintiffs in obtaining visas so they could enter the U.S. to attend settlement hearings. Hale testified that he gave up the opportunity to work on other contingency fee cases to work on this case. He stated that an award of $50,000 in ad litem fees was reasonable based on his time and labor, his extended exposure to liability given the age of the minor children, the amount of responsibility, the amount in controversy, and his ability to facilitate a final resolution of the case.

On cross-examination, Hale conceded that he had only practiced civil law for three of the seven years he had been licensed. Hale admitted he served as guardian ad litem for two months and nine days. In that time, he had worked "68 to 70 hours" as an ad litem. Additionally, he probably "had been forced to work another 15 hours" to recover his ad litem fees. In total, he had spent "no less than 80 hours on the case . . ., maybe even closer to 90." Hale estimated that he missed 10 to 12 hours of work on other cases. Hale also testified that his usual fee was $200 per hour; however, he stated the "average" guardian ad litem fee in the community is $300 per hour. He also admitted that he had not directly contacted annuity companies in conducting his research. Moreover, he did not attend the mediation on the case because it occurred prior to his appointment. A written summary of Hale's work through June 4, 2002, reflected that he engaged in approximately 67 hours of work on the case.

Holt's counsel, Patrick Rodriguez ("Rodriguez"), also testified at the hearing. He

testified that approximately 51.8 hours were expended by his firm on the case over an eight month period. Rodriguez further noted that the attorneys at his firm charged $200 per hour for their services to Holt, and that a reasonable guardian ad litem fee was $200 per hour. The total bill for his firm's services amounted to $10,320.

### 2. Reasonableness of Fee Amount

An award of $50,000 to Hale for 90 hours of legal services mathematically equates to an hourly rate of $555 per hour, or nearly double the "average" ad litem fee of $300 per hour which Hale testified was customary in the community. Nevertheless, Hale contends that the award is justified based upon his time expended on the case, his responsibilities, his role in facilitating the settlement, the complexity of the case, the amount in controversy, and his extended exposure to liability.

■ A trial court must consider both the number of hours claimed to have been worked and the hourly rate claimed to have been reasonable in setting an attorney's hourly rate. *See Garcia,* 988 S.W.2d at 222. Here, the trial court accepted as necessary the entire 90 hours of work claimed by Hale notwithstanding Hale's conflicting testimony on cross-examination as to the number of hours worked, and notwithstanding the fact that 90 hours spent as an ad litem in two months substantially exceeds the 51 hours spent by Holt's defense counsel over the entire eight-month life of the case. *See Thrift v. Hubbard,* 974 S.W.2d 70, 77 (Tex.App.-San Antonio 1998, pet. denied) (reviewing court does not pass upon the credibility of witnesses). Therefore, we must assume the trial court believed other factors justified the difference between Hale's usual hourly rate ($200), the customary ad litem rate in the community ($300), and the hourly rate ultimately applied ($555).

Hale acknowledged that this was the first time he served as a guardian ad litem. As such, he spent time talking to other attorneys who had served as ad litems. Given the timing of his appointment, Hale did not attend depositions or mediation. Hale acknowledged that a settlement agreement had been reached before he was appointed, and that he had no role in the drafting of the settlement documents. Additionally, no changes were made to the settlement documents as a result of Hale's work. Hale, however, did travel to Mexico twice and spent time with the adult plaintiffs convincing them to accept the terms of the settlement.

■ In accepting an appointment, an ad litem assumes the responsibility of protecting the child's interest as an officer appointed by the court. *See Am. Gen. Fire & Cas. Co. v. Vandewater,* 907 S.W.2d 491, 493 n. 2 (Tex.1995). Hale was well suited for this particular appointment. His bilingual skills enabled him to fully explain the terms of the settlement to the adult plaintiffs and to assure them that the settlement was in the best interest of the children. The record, however, does not reflect that Hale had unusual ad litem responsibilities or that his representation involved complex legal matters.

Hale contends that his appointment as guardian ad litem precluded his ability to work on other matters. He testified that his firm had a lot of contingency cases and that he "probably lost out on the opportunity" to make a percentage on the settlement of these cases. Hale, however, was unable to specify any particular cases he would have worked on had he not been appointed as guardian ad litem.

■ At the hearing, Hale also sought to justify his $50,000 ad litem fee on the basis of the settlement amount. There is no evidence, however, regarding how the settlement amount complicated Hale's role as

an ad litem. In fact, Hale acknowledged that he would have had the same responsibility to the children whether the settlement amount was $50,000 or $5 million. Further, there is no evidence that Hale's fee was to be calculated on a contingency basis. It is improper to award an ad litem fee as a percentage of the recovery absent an order of appointment that states the ad litem fee is contingent upon success. *See Garcia,* 988 S.W.2d at 223; *Dalworth Trucking Co.,* 924 S.W.2d at 738.

Both below and on appeal, Hale argued his extended exposure to liability also factors into a determination of the ad litem fee. We have previously recognized that a guardian ad litem has an extended exposure to liability. *See Borden, Inc.,* 19 S.W.3d at 474. All attorneys who represent minors, however, are faced with the same extended exposure. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.001(b) (Vernon 2002) (tolling limitations for causes of action brought by minors until the age of majority). Here, there is no evidence that Hale did not do a satisfactory job. At best, Hale's exposure to future liability is unlikely and speculative.

Considering the hours spent, the type of case, the customary ad litem rate in the community, the degree of complexity of the ad litem services and the benefit to the minors, as reflected in the record, we must conclude that the evidence is factually insufficient to support an ad litem rate of $555 per hour as reasonable. *See Celanese Chem. Co. v. Burleson,* 821 S.W.2d 257, 262 (Tex.App.-Houston [1st Dist.] 1991, no writ). Accordingly, we sustain Holt's second issue and hold the trial court abused its discretion in awarding Hale $50,000 as an ad litem fee.

### 3. *Additional Hours Spent in Recovery of Fee*

 In its third issue, Holt contends that the trial court erred in awarding Hale fees related to time Hale spent because of the dispute over his ad litem fees. The trial court found that Hale had engaged in 90 total hours of work for which he should be compensated. Hale admitted that he spent 68 to 70 hours working as ad litem for the minors and spent another 15 hours recovering his fees. Given the trial court's finding that Hale engaged in 90 hours of work, Holt argues that the trial court compensated Hale for hours spent in the fee dispute. Holt contends that the trial court abused its discretion awarding such fees. We agree with Holt.

 The representation of a guardian ad litem is limited to matters related to the suit for which the ad litem is appointed. *Brownsville–Valley Regional Medical Ctr., Inc. v. Gamez,* 894 S.W.2d 753, 756 (Tex. 1995). Accordingly, a guardian ad litem may not recover fees for services rendered after resolution of the conflict for which he or she is appointed. *Id.* at 757. In determining whether an ad litem is entitled to recover additional fees incurred on appeal, the Supreme Court has held that when the ad litem is representing the interests of his client on appeal, as opposed to his own interests, the ad litem is entitled to compensation without regard to the success of the appeal. *See Cahill v. Lyda,* 826 S.W.2d 932, 933 (Tex.1992). Our sister courts are split on whether a guardian ad litem can recover additional fees if a defendant disputes the ad litem fee awarded. *See e.g., Harris County Children's Protective Services, v. Olvera,* 77 S.W.3d 336, 342 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) (holding trial court did not have discretion to award ad litem any amount for attorney's fees incurred in defense of the ad litem's fee); *J.D. Abrams, Inc. v. McIver,* 966 S.W.2d 87, 97 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (conclud-

ing that ad litem was not entitled to attorney's fees and costs on appeal because no conflict existed between the ward and guardian for purposes of appeal in that only issue on appeal was ad litem's fees); *c.f., DeSai v. Islas,* 884 S.W.2d 204, 206 (Tex.App.-Eastland 1994, writ denied) (holding that fees incurred by ad litem in defending original fee award are fees resulting from the ad litem's appointment and services and as such were properly awarded).

▮ We conclude that Rule 173 only authorizes guardian ad litem fees for the representation of a minor, and not for the representation of the ad litem's own interest. Tex.R. Civ. P. 173. Accordingly, the trial court abused its discretion in awarding Hale fees for hours related to the dispute over his ad litem fees. We sustain Holt's third issue.

### Conclusion

On the record before us, we conclude the trial court abused its discretion in ordering Holt to pay Hale a guardian ad litem fee of $50,000 at an hourly rate of $555. Additionally, we hold the trial court abused its discretion in awarding Hale fees related to the dispute over his ad litem fee. Accordingly, we suggest under Texas Rule of Appellate Procedure 46.3 that the $50,000 awarded to Hale as his guardian ad litem fee be remitted by $27,500, based on his retention of a reasonable fee of $22,500 (calculated by multiplying 75 hours by a reasonable hourly rate of $300). If the sum is not remitted, the trial court's order awarding Hale $50,000 in ad litem fees will be reversed, and the cause will be remanded to the trial court for the entry of an order consistent with this opinion. If a remittitur is timely filed within twenty days from the date of our judgment, the trial court's order awarding the guardian ad litem fees will be reformed and will be affirmed as reformed.

ALMA L. LÓPEZ, Chief Justice, dissenting.

In my opinion, deciding whether the trial court abused its discretion in awarding Hale $50,000.00 for ad litem fees rests on the answers to the following two questions. First, is a trial court permitted to place added value on the services of an ad litem whose actions saved a settlement that was in the best interests of the minor children? Second, does a trial court abuse its discretion in finding an ad litem's services to be more valuable because the ad litem's bilingual skills played a critical role in preserving a settlement?

I believe the answers to these questions are contained in the guiding rules and principles a trial court is to consider in determining a reasonable and appropriate ad litem fee. With regard to an ad litem's actions in saving a settlement, the guiding rules and principles permit a trial court to consider the time and labor required and the results obtained. *See Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999). Similarly, in regard to the critical need for a bilingual attorney, the trial court is permitted to consider the skills required to perform the legal services properly and the ability of the lawyer performing the services. *See id.* Since the guiding rules and principles permit the trial court to add value to an ad litem's fee for actions taken in saving a settlement and for necessary bilingual skills, the question then becomes whether this court is permitted to second-guess the amount of the value that is added. I believe the answer is no.

"A trial court does not necessarily abuse its discretion in awarding fees to a court-appointed guardian ad litem if under the same facts, an appellate judge would decide the matter differently." *Borden, Inc.*

*v. Martinez,* 19 S.W.3d 469, 471 (Tex.App.-San Antonio 2000, no pet.). Although the majority in this case would have decided the amount of the fees differently, appellate judges are not fact-finders and are not free to second-guess a factual determination made by a trial court under an abuse of discretion standard of review. *See id.* at 473–74 (declining to second-guess trial court's review of hours and details).

At the hearing, Hale testified that his work included meeting with the minor children, who were three years old and five years old, respectively, and interviewing their mother and their paternal grandparents. Hale investigated to determine if the children had any additional needs, such as medical conditions, that would require additional money through their minor years. Hale made two trips to Mexico at which time he discussed the proposed settlement with the family. Hale testified that a great deal of distrust was present between the plaintiffs and their own attorneys, particularly with regard to representations being made about fees, costs, and expenses. Hale testified that the plaintiffs initially decided to reject the settlement offer because they believed they were entitled to receive a greater percentage of the settlement. The plaintiffs were [also] troubled by the placement of the money in an annuity and wanted the money delivered to their bank account in Mexico. Hale advised the plaintiffs regarding his role and that delivering the money to a bank account would not be in the children's best interest. Hale explained to the plaintiffs that the children's money should be invested until they turn eighteen because the children's mother would have sufficient money from the settlement to maintain and support the children through their minor years. Hale explained to the plaintiffs the consequences of not accepting the overall settlement and the risk of going to trial. Hale believed that these explanations had not been provided by the plaintiffs' own attorneys because of the language barrier. Hale testified that his role as attorney ad litem served to maintain the settlement agreement.

In determining the amount of the ad litem fee, guiding rules and principles permitted the trial court to consider Hale's testimony regarding the crucial role he played in obtaining the plaintiffs' approval of the settlement and, in particular, explaining the necessity that the children's funds be placed in an annuity. *See Phillips Petroleum Co. v. Welch,* 702 S.W.2d 672, 675 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (noting that settlement might not have been accomplished without ad litem's efforts in affirming ad litem fee of $166,667.00). Guiding rules and principles also permitted the trial court to consider that Hale's bilingual skills were necessary in finalizing the settlement in a manner that was in the best interest of the children. Moreover, the trial court's findings demonstrate that it was guided by these rules and principles in determining the amount of the fee. The trial court expressly found that Hale's "legal experience and Spanish speaking ability were useful and necessary skills that were utilized by the Ad Litem in advocating for and on behalf of the best interest of the minor children and were contributing factors to the final resolution of the case." The trial court also expressly found that Hale's "responsibilities were significant considering the multi-million dollar settlement, the initial disagreement over the division of the funds, the minor children's ages, and the extended exposure to liability." With regard to this extended exposure, the majority appears to discount any weight given to this factor, asserting that "Hale's exposure to future liability is unlikely and speculative." In *Borden,* however, this court was not so quick to dis-

count the importance of this factor, noting, "we recognize that with the appointment of the guardian ad litem comes extended exposure to liability. A guardian ad litem stands in a precarious position as the statute of limitations for malpractice actions is tolled until the minor attains majority plus any applicable limitations period thereafter." 19 S.W.3d at 474.

In view of the foregoing, I would hold that the trial court did not act without reference to guiding rules and principles and, therefore, did not abuse its discretion in awarding Hale $50,000.00 as fees for his ad litem services. Because the majority holds to the contrary, I respectfully dissent.

I also dissent to the majority's conclusion that the trial court abused its discretion in awarding Hale fees for hours related to his dispute over his ad litem fees. By not requiring a party to pay the ad litem for the time the ad litem is required to expend in upholding an award, parties will be encouraged to take the $125.00 gamble to appeal the award. I disagree with this approach, and I find that I am not the only appellate judge in disagreement.

The Eastland court has held that fees incurred in defending the original fee awarded by the ad litem are fees resulting from the appointment and services provided by the guardian ad litem. *DeSai v. Islas,* 884 S.W.2d 204, 206 (Tex.App.-Eastland 1994, writ denied); *see also Rio Grande Valley Gas Co. v. Lopez,* 907 S.W.2d 622, 626 (Tex.App.-Corpus Christi 1995, no writ) (reversing award of appellate fees to ad litem for defense of fee only because fee was not conditioned upon success). Without analysis, the Texas Supreme Court reinstated the conditional appellate attorney's fees awarded to an ad litem when the sole issue presented in that appeal was whether the ad litem's fee was

excessive. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 793–94 (Tex.1987); *see also Dallas Area Rapid Transit v. Williams,* No. 05–96–01485–CV, 1998 WL 436917, *7 n. 11 (Tex.App.-Dallas Aug. 4, 1998, pet. denied) (not designated for publication) (citing *DeSai and Simon* to affirm conditional award of attorney's fees on appeal "since such fees are properly awarded when a guardian is forced to defend its fee on appeal"). Because an appeal of ad litem fees is related to the suit for which the ad litem was appointed, I would hold that a trial court does not abuse its discretion in awarding conditional appellate attorneys' fees to an ad litem who seeks to defend his fees.