

# NUMBER 13-09-00496-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

COLUMBIA RIO GRANDE HEALTHCARE,
L.P., D/B/A RIO GRANDE REGIONAL HOSPITAL,                  Appellant,

v.

MICHAEL DE LEON,                                          Appellee.

On appeal from the 275th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Benavides, and Wittig[1]
Memorandum Opinion by Justice Garza

This is an appeal from an award of guardian ad litem fees in a health care liability

case. By five issues, appellant Columbia Rio Grande Healthcare, L.P. d/b/a Rio Grande

---

[1] Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp. 2004).

Regional Hospital (the "hospital") contends that the trial court: (1) abused its discretion in rendering a judgment that did not conform to the parties' Rule 11 settlement agreement; (2) erred in awarding appellee Michael De Leon, the court-appointed guardian ad litem, $31,724 in fees because his participation was not limited to protecting the minor's interest under Texas Rule of Civil Procedure 173.4(d)(3)(A); (3) erred in awarding De Leon $31,724 because De Leon failed to secure a order to engage in the litigation activities for which he billed under Rule 173.4(d)(3)(B); (4) abused its discretion in awarding De Leon ad litem fees based on unreasonable, excessive, and unnecessary charges; and (5) abused its discretion in awarding De Leon appellate fees. We reverse and render.

## I. BACKGROUND

This health care liability case involves a brain injured child. After the underlying case settled, the parties explained their Rule 11 agreement with respect to guardian ad litem fees at a settlement hearing on January 13, 2009:

| [Hospital's counsel]: | And on behalf of Defendant, Rio Grande Regional, they'll agree to pay only up to $5,000 in Guardian Ad Litem fees, and the rest will have to come from some other party . . . . |
|---|---|
| [The Court]: | Okay. All right. I wanted to ask Counsel if anybody has any objection to the Court appointing a Guardian Ad Litem at this time? |
| [Hospital's counsel]: | We have no objection. |
| [Plaintiff's counsel]: | We have no objection. |
| . . . . | |
| [The Court]: | If you're willing, Mr. De Leon, Michael De Leon, to represent the minor child, A.V. . . . as Guardian Ad Litem for A.V. |
| [De Leon]: | Very well, Judge. |

2

| | |
|---|---|
| [The Court]: | The Court appoints you. . . . Please let the Ad Litem know what documents need to be reviewed by him, and preparation for the Final Friendly Suit hearing. |
| . . . . | |
| [The Court]: | The Court approves the Rule 11 Agreement. |
| . . . . | |
| [Hospital's counsel]: | And the settlement with Doctor Mohamed,[2] that has not had a Friendly Suit. |
| . . . . | |
| [Plaintiff's counsel]: | We'll have to see what the terms of that agreement were. But you guys are in for not more than $5,000. |
| [Hospital's counsel]: | That's correct. |
| . . . . | |
| [The Court]: | It was $5,000 for the Ad Litem? . . . . That does not include Ad Litem fees that might be incurred as a result of the settlement with Doctor Mohamed? |
| [Hospital's counsel]: | That's correct. |
| . . . . | |
| [The Court]: | Who represents Doctor Mohamed? |
| [Hospital's counsel]: | Steve Gonzalez'[s] office, Your Honor. |
| . . . . | |
| [The Court]: | Someone—I guess you, Mr. De Leon, needs to advise Mr. Gonzalez. |
| [De Leon]: | Very well. |

---

[2] Naif Carlos Mohamed, M.D. was a co-defendant in the underlying suit, as were Renaissance Women's Healthcare, P.A. and HCA Health Services of Texas, Inc. These defendants are not parties to this appeal.

3

On May 4, 2009, three days before the hearing to finalize the award of guardian ad litem fees, De Leon demanded $80,000 from the hospital in legal fees. The hospital refused this request and informed De Leon his fees were limited to $5,000 per the Rule 11 agreement discussed at the settlement hearing. At the hearing on the ad litem fees,[3] De Leon explained his understanding of the prior hearing:

> [De Leon]: Judge, when I—when I went in and judge asked me if I wanted to be appointed Ad Litem on the case, I said yes, and at that time, there was another gentlemen there . . . who started making comments to the effect that we are not paying any more than $5,000. That's it. We are not paying any more than [$]5,000. If he wants it, he can do it for only no more than $5,000.
>
> Granted, at that time, Judge, I didn't know what was involved in the case. I didn't know what had been worked out. I didn't know the terms of the settlement. I hadn't met with the family. I had not done anything. Okay.
>
> And that's what he was stating that we are not paying any more than [$]5,000 and that's it. And at that time, I addressed the Court. I—we approached and I told [the] judge, my understanding is that you are the one who at the end of the day makes the determination of what my fees are going to be. Okay.
>
> [The Court]: Go ahead.
>
> [De Leon]: My fees are not predetermined. That's just not the way it's done. That would limit my work and my duty, my fiduciary duty to this child in this case, A.V.

De Leon presented a reduced offer of $50,495 to the court for its final approval. On cross-examination, counsel for the hospital established that De Leon had only been licensed as an attorney for a little over two years when he received his ad litem appointment in this case. His legal experience was primarily in criminal law, as he

---

[3] Judge Juan Partida, judge of the 275th Judicial District Court in Hidalgo County, Texas, presided over the initial settlement hearing. A substitute judge presided over the final ad litem hearing.

began working for the Hidalgo County District Attorney's office directly out of law school. At the time of his appointment, De Leon had just left the district attorney's office and had worked as a civil litigator for six days.

With respect to his billing, De Leon admitted that he billed for numerous clerical tasks, such as copying and setting up the file, printing documents, calendaring, and faxing. He also billed for work that his supervising partner performed.[4] De Leon further testified that he billed for the review of A.V.'s trust documents, the reduction of A.V.'s Medicaid lien, and the purchase of a home for A.V.'s family as part of his ad litem tasks. In his defense, De Leon argued that his work on A.V.'s Medicaid debt reduced the lien from $177,000 to $32,500, which was in A.V.'s best interests. De Leon also argued that he reduced the plaintiff's trial attorney's fees from forty percent of the total recovery to thirty-five percent, in accordance with the Texas Probate Code.

In an order dated September 9, 2009, the trial court concluded that "there was not an agreement between Michael De Leon and Counsel for Defendants to accept a flat fee of $5[,]000.00 to perform the services of a guardian ad litem . . . prior to the acceptance of the [r]ole of guardian ad litem." The order further stated that "[t]he acceptance of the role of guardian ad litem by Michael De Leon precluded him from taking on other employment" and that "the tasks undertaken by the ad litem were properly limited to what the court determines is appropriate to act as an ad litem and consistent with the court's direction." The order awarded De Leon $31,724 in ad litem fees. The trial court also awarded De Leon "$17,500.00 if there is an appeal of the ad

---

[4] According to the hospital, De Leon billed twenty hours for work on January 19, 2009, including traveling to the Hidalgo County Courthouse and speaking with the court coordinator. The Hospital notes correctly that the Hidalgo County Courthouse was closed on January 19, 2009 for Martin Luther King, Jr. Day. On appeal, De Leon states that this was a "clerical error" and that he "input the time on a date different that when he actually rendered the service."

litem fee award to the 13th Court of Appeals [and] in the event that this matter is appealed to the Texas Supreme Court Michael De Leon is awarded the amount of $10,000.00 over and above any prior award."[5]  This appeal followed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A guardian ad litem must be appointed if a ward is represented by a guardian who may have an adverse interest.  TEX. R. CIV. P. 173.2.  When a settlement has been proposed to resolve the child's claim, a guardian ad litem has "the limited duty to determine and advise the court whether the settlement is in the party's best interest."  TEX. R. CIV. P. 173.4(c).  A guardian ad litem "may be reimbursed for reasonable and necessary expenses incurred and may be paid a reasonable hourly fee for necessary services performed."  TEX. R. CIV. P. 173.6(a).  The court may tax a guardian ad litem's compensation as costs of court.  TEX. R. CIV. P. 173.6(c).  The burden of proof falls on the guardian ad litem to establish that such fees are reasonable and necessary.  *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex. 1991); *Magna Donnelly Corp. v. DeLeon*, 267 S.W.3d 108, 113 (Tex. App.–San Antonio 2008, no pet.).

Because the guardian ad litem has a limited role, not all litigation services are necessary or required.  *Land Rover U.K., Ltd., v. Hinojosa*, 210 S.W.3d 604, 607 (Tex. 2006) (per curiam) (holding that a guardian ad litem may not recover fees for services that duplicate work performed by the plaintiff's attorney); *Brownsville-Valley Reg'l Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 756-57 (Tex. 1995) (guardian ad litem could not recover fees for work that duplicated that of the trustee or the parents); *Goodyear Dunlop Tires N. Am., Ltd. v. Gamez*, 151 S.W.3d 574, 583 (Tex. App.–San Antonio 2004, no pet.) (burden falls on the ad litem, not the parties, to limit work within the

---

[5] The order provided that the hospital was to pay 84% of the ad litem fee and that Renaissance Women's Healthcare, P.A. and Dr. Mohamed would pay 16% of the ad litem fee.

6

guardian ad litem's role). "If a guardian ad litem performs work beyond the scope of this role, such work is non-compensable." *Land Rover*, 210 S.W.3d at 607. "No reason exists for the guardian ad litem to participate in the conduct of the litigation . . . or to review the discovery or litigation file except to the limited extent that it may bear on the division of settlement proceeds." TEX. R. CIV. P. 173, cmt. 3.

An appellate court reviews a guardian ad litem's fee award under an abuse of discretion standard based on the sufficiency of the evidence that the fee was reasonable and necessary. *Land Rover*, 210 S.W.3d at 607. A court abuses its discretion if it orders "payment of a fee in excess of the product of the hours spent and the hourly fee . . . ." *Id.* at 608.

### III. THE RULE 11 AGREEMENT

The hospital argues that the parties had a binding Rule 11 settlement agreement that limited the amount of guardian ad litem fees it would pay to $5,000. We agree. Texas Rule of Civil Procedure 11 provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX. R. CIV. P. 11. The requirements for a Rule 11 agreement are satisfied "when the terms of the agreement [are] dictated before a certified shorthand reporter, and the record reflect[s] who [is] present, the terms of the settlement, and the parties' acknowledgement of the settlement." *Cantu v. Moore*, 90 S.W.3d 821, 824 (Tex. App.—San Antonio 2002, pet. denied).

Here, the record shows that the Rule 11 agreement was made in open court and entered of record. TEX. R. CIV. P. 11. The term limiting the hospital's obligation to pay ad litem fees to $5,000 was dictated before a court reporter, and the court reporter's

7

record reveals that the hospital's attorney, the plaintiffs' attorney, and De Leon were present. *Cantu*, 90 S.W.3d at 824. Most importantly, De Leon's participation during the settlement hearing confirms his acknowledgement of the Rule 11 agreement. *Id*. Although we recognize the Rule 11 agreement was discussed prior to De Leon's appointment as guardian ad litem, the court did not formally approve the agreement until De Leon was appointed. Once De Leon accepted the appointment, the parties continued to discuss the $5,000 limit. The record shows that the court confirmed that the hospital would only pay $5,000 in ad litem fees and then asked what, if anything, co-defendant Dr. Mohamed would contribute to De Leon's fees. The court then charged De Leon with calling Dr. Mohamed's attorney's office to "advise" him of the ad litem fee arrangement, and De Leon answered, "[v]ery well." De Leon's acknowledgement of the Rule 11 agreement is further evidenced by his own testimony, as he claimed he heard an attorney mention that the hospital was "not paying any more than [$]5,000 and that's it." In fact, De Leon was concerned enough about that fee to approach the judge after the hearing to ask, off the record, "my understanding is that you are the one who at the end of the day makes the determination of what my fees are going to be."[6]

De Leon did not object to the $5,000 fee limit during this hearing. That De Leon believes his misunderstanding or confusion over the agreement renders it unenforceable, as he now appears to argue, is perhaps indicative of his lack of experience. If De Leon knew that his work on the case would exceed the $5,000 agreed-upon fee, it was incumbent upon him to either decline the appointment or bring the matter to the attention of the court in the proper manner. *See* TEX. R. CIV. P.

---

[6] Because this bold remark was made as a sidebar off the record, the trial court's response is not before us.

8

173.4(d)(3)(B) (noting that an ad litem may not participate in any part of litigation "unless the participation is directed by the court in a written order stating sufficient reasons.").

The parties had a valid Rule 11 agreement regarding the guardian ad litem fees. De Leon has not presented any argument as to why the Rule 11 agreement should not be enforced, other than his misunderstanding of the terms and his assertion that he never acknowledged the agreement. With the record before us, however, we find these arguments unpersuasive. We hold that the trial court abused its discretion when it ruled that De Leon was not part of the Rule 11 agreement, because the record clearly shows otherwise.[7] A valid Rule 11 agreement existed, and the trial court had a ministerial duty to enforce it. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996).

We sustain the hospital's first issue. Because this ruling is dispositive of the hospital's second, third, and fourth issues, we need not address those issues. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

## IV. APPELLATE FEES

By its fifth issue, the hospital also challenges the trial court's award of appellate fees to De Leon. As noted, the representation of a guardian ad litem is limited to matters related to the suit for which the ad litem is appointed. *Gamez*, 894 S.W.2d at 756-57. Accordingly, a guardian ad litem may not recover fees for services rendered after resolution of the conflict for which he or she is appointed. *Id.* at 757. In determining whether an ad litem is entitled to recover additional fees incurred on

---

[7] We note that the substitute judge was not present at the initial hearing. We presume that the substitute judge accepted De Leon's version of the events that occurred at that initial hearing.

9

appeal, the Texas Supreme Court has held that when the ad litem is representing the interests of his client on appeal, as opposed to his own interests, the ad litem is entitled to compensation without regard to the success of the appeal. *See Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992) (per curiam). However, courts have since held that a guardian ad litem cannot recover additional fees if a defendant disputes the ad litem fee awarded. *See, e.g., Holt Tex., Ltd. v. Hale*, 144 S.W.3d 592, 597-98 (Tex. App.–San Antonio 2004, no pet.); *Harris County Children's Protective Servs. v. Alvaro*, 77 S.W.3d 336, 342 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (holding trial court did not have discretion to award ad litem any amount for attorney's fees incurred in defense of the ad litem's fee); *J.D. Abrams, Inc v. McIver*, 966 S.W.2d 87, 97 (Tex. App.–Houston [1st Dist.] 1998, pet. denied) (concluding that ad litem was not entitled to attorney's fees and costs on appeal because no conflict existed between the ward and guardian for purposes of appeal in that only issue on appeal was ad litem's fees); *see also In re Glasser*, 297 S.W.3d 369, 378-79 (Tex. App.–San Antonio 2009, no pet.) (noting that an attorney ad litem is not entitled to recover fees under the probate code "for representing his own interests, rather than those of his involuntary client, on appeal"); *but see DeSai v. Islas*, 884 S.W.2d 204, 206 (Tex. App.–Eastland 1994, writ denied) (holding that fees incurred by ad litem in defending original fee award are fees resulting from the ad litem's appointment and services and as such were properly awarded).

We conclude that Rule 173 only authorizes guardian ad litem fees for the representation of a minor, and not for the representation of the ad litem's own interest. *See* TEX. R. CIV. P. 173. Accordingly, the trial court abused its discretion in awarding De Leon fees for any appeals related solely to the dispute over his ad litem fees. *See Holt Tex., Ltd.*, 144 S.W.3d at 598. The hospital's fifth issue is sustained.

## V. Conclusion

We reverse the trial court's judgment and render judgment awarding De Leon guardian ad litem fees of $5,000 and no fees for appeal.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
20th day of January, 2011.

11