NUMBER 13-09-00496-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 

                                                                                                                             

 

COLUMBIA
RIO GRANDE HEALTHCARE,

L.P.,
D/B/A RIO GRANDE REGIONAL HOSPITAL,                   Appellant,                                                

v.

 

MICHAEL
DE LEON,                                                                     Appellee.

                                                                                                                            

 

On appeal from the 275th
District Court

of Hidalgo County,
Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Wittig[1]

Memorandum Opinion by
Justice Garza

 

            This is an appeal from an award
of guardian ad litem fees in a health care liability case.  By five issues, appellant
Columbia Rio Grande Healthcare, L.P. d/b/a Rio Grande Regional Hospital (the
“hospital”) contends that the trial court:  (1) abused its discretion in rendering
a judgment that did not conform to the parties’ Rule 11 settlement agreement;
(2) erred in awarding appellee Michael De Leon, the court-appointed guardian ad
litem, $31,724 in fees because his participation was not limited to protecting
the minor’s interest under Texas Rule of Civil Procedure 173.4(d)(3)(A); (3)
erred in awarding De Leon $31,724 because De Leon failed to secure a order to engage
in the litigation activities for which he billed under Rule 173.4(d)(3)(B); (4)
abused its discretion in awarding De Leon ad litem fees based on unreasonable,
excessive, and unnecessary charges; and (5) abused its discretion in awarding
De Leon appellate fees.  We reverse and render.

I. 
Background

            This health care liability case
involves a brain injured child.  After the underlying case settled, the parties
explained their Rule 11 agreement with respect to guardian ad litem fees at a
settlement hearing on January 13, 2009:

[Hospital’s
counsel]:            And on behalf of Defendant, Rio Grande Regional, they’ll
agree to pay only up to $5,000 in Guardian Ad Litem fees, and the rest will
have to come from some other party . . . .

 

[The
Court]:                           Okay.  All right.  I wanted to ask Counsel if
anybody has any objection to the Court appointing a Guardian Ad Litem at this
time?

 

[Hospital’s
counsel]:            We have no objection.

 

[Plaintiff’s
counsel]:             We have no objection.

 

            .
. . . 

 

[The
Court]:                           If you’re willing, Mr. De Leon, Michael De
Leon, to represent the minor child, A.V. . . . as Guardian Ad Litem for A.V.

 

[De
Leon]:                              Very well, Judge.

 

[The
Court]:                           The Court appoints you. . . .  Please let the
Ad Litem know what documents need to be reviewed by him, and preparation for
the Final Friendly Suit hearing.

 

            .
. . .

 

[The
Court]:                           The Court approves the Rule 11 Agreement. 

 

            .
. . . 

 

[Hospital’s
counsel]:            And the settlement with Doctor Mohamed,[[2]] that has not
had a Friendly Suit.

 

            .
. . .

 

[Plaintiff’s
counsel]:             We’ll have to see what the terms of that agreement were. 
But you guys are in for not more than $5,000.

 

[Hospital’s
counsel]:            That’s correct.

 

                                    .
. . . 

 

[The
Court]:                           It was $5,000 for the Ad Litem? . . . . That
does not include Ad Litem fees that might be incurred as a result of the
settlement with Doctor Mohamed?

 

[Hospital’s
counsel]:            That’s correct.

 

            .
. . .

 

[The
Court]:                           Who represents Doctor Mohamed?

 

[Hospital’s
counsel]:            Steve Gonzalez’[s] office, Your Honor.

 

            .
. . .

 

[The
Court]:                           Someone—I guess you, Mr. De Leon, needs to advise
Mr. Gonzalez.

 

[De
Leon]:                              Very well.

 

            On May 4, 2009, three days before
the hearing to finalize the award of guardian ad litem fees, De Leon demanded
$80,000 from the hospital in legal fees.  The hospital refused this request and
informed De Leon his fees were limited to $5,000 per the Rule 11 agreement
discussed at the settlement hearing.  At the hearing on the ad litem fees,[3] De Leon
explained his understanding of the prior hearing:

[De
Leon]:      Judge, when I—when I went in and judge asked me if I wanted to be
appointed Ad Litem on the case, I said yes, and at that time, there was another
gentlemen there . . . who started making comments to the effect that we are not
paying any more than $5,000.  That’s it.  We are not paying any more than
[$]5,000.  If he wants it, he can do it for only no more than $5,000.

 

                        Granted,
at that time, Judge, I didn’t know what was involved in the case.  I didn’t
know what had been worked out.  I didn’t know the terms of the settlement.  I
hadn’t met with the family.  I had not done anything.  Okay.

 

                        And
that’s what he was stating that we are not paying any more than [$]5,000 and
that’s it.  And at that time, I addressed the Court.  I—we approached and I
told [the] judge, my understanding is that you are the one who at the end of
the day makes the determination of what my fees are going to be.  Okay.

 

[The
Court]:   Go ahead.

 

[De
Leon]:      My fees are not predetermined.  That’s just not the way it’s done. 
That would limit my work and my duty, my fiduciary duty to this child in this
case, A.V.

 

            De Leon presented a reduced offer
of $50,495 to the court for its final approval.  On cross-examination, counsel
for the hospital established that De Leon had only been licensed as an attorney
for a little over two years when he received his ad litem appointment in this
case.  His legal experience was primarily in criminal law, as he began working
for the Hidalgo County District Attorney’s office directly out of law school. 
At the time of his appointment, De Leon had just left the district attorney’s
office and had worked as a civil litigator for six days.

With respect to his billing,
De Leon admitted that he billed for numerous clerical tasks, such as copying
and setting up the file, printing documents, calendaring, and faxing.  He also
billed for work that his supervising partner performed.[4]  De Leon further
testified that he billed for the review of A.V.’s trust documents, the
reduction of A.V.’s Medicaid lien, and the purchase of a home for A.V.’s family
as part of his ad litem tasks.  In his defense, De Leon argued that his work on
A.V.’s Medicaid debt reduced the lien from $177,000 to $32,500, which was in
A.V.’s best interests.  De Leon also argued that he reduced the plaintiff’s trial
attorney’s fees from forty percent of the total recovery to thirty-five
percent, in accordance with the Texas Probate Code.

In an order dated September
9, 2009, the trial court concluded that “there was not an agreement between
Michael De Leon and Counsel for Defendants to accept a flat fee of $5[,]000.00
to perform the services of a guardian ad litem . . . prior to the acceptance of
the [r]ole of guardian ad litem.”  The order further stated that “[t]he
acceptance of the role of guardian ad litem by Michael De Leon precluded him
from taking on other employment” and that “the tasks undertaken by the ad litem
were properly limited to what the court determines is appropriate to act as an
ad litem and consistent with the court’s direction.”  The order awarded De Leon
$31,724 in ad litem fees.  The trial court also awarded De Leon “$17,500.00 if
there is an appeal of the ad litem fee award to the 13th Court of Appeals [and]
in the event that this matter is appealed to the Texas Supreme Court Michael De
Leon is awarded the amount of $10,000.00 over and above any prior award.”[5]  This appeal
followed.

II.  Applicable Law and Standard of Review

            A
guardian ad litem must be appointed if a ward is represented by a guardian who
may have an adverse interest.  Tex. R.
Civ. P. 173.2.  When a settlement has been proposed to resolve the
child’s claim, a guardian ad litem has “the limited duty to determine and
advise the court whether the settlement is in the party’s best interest.”  Tex. R. Civ. P. 173.4(c).  A guardian
ad litem “may be reimbursed for reasonable and necessary expenses incurred and
may be paid a reasonable hourly fee for necessary services performed.”  Tex. R. Civ. P. 173.6(a).  The court
may tax a guardian ad litem's compensation as costs of court.  Tex. R. Civ. P. 173.6(c).  The burden
of proof falls on the guardian ad litem to establish that such fees are
reasonable and necessary.  Stewart Title Guar. Co. v. Sterling, 822
S.W.2d 1, 10 (Tex. 1991); Magna Donnelly Corp. v. DeLeon, 267 S.W.3d
108, 113 (Tex. App.–San Antonio 2008, no pet.).

            Because the guardian ad litem has
a limited role, not all litigation services are necessary or required.  Land
Rover U.K., Ltd., v. Hinojosa, 210 S.W.3d 604, 607 (Tex. 2006) (per curiam)
(holding that a guardian ad litem may not recover fees for services that
duplicate work performed by the plaintiff’s attorney); Brownsville-Valley
Reg’l Med. Ctr., Inc. v. Gamez, 894 S.W.2d 753, 756-57 (Tex. 1995)
(guardian ad litem could not recover fees for work that duplicated that of the
trustee or the parents); Goodyear Dunlop Tires N. Am., Ltd. v. Gamez,
151 S.W.3d 574, 583 (Tex. App.–San Antonio 2004, no pet.) (burden falls on the
ad litem, not the parties, to limit work within the guardian ad litem’s role). 
“If a guardian ad litem performs work beyond the scope of this role, such work
is non-compensable.”  Land Rover, 210 S.W.3d at 607.  “No reason exists
for the guardian ad litem to participate in the conduct of the litigation . . .
or to review the discovery or litigation file except to the limited extent that
it may bear on the division of settlement proceeds.”  Tex. R. Civ. P. 173, cmt. 3.  

An appellate court reviews a
guardian ad litem’s fee award under an abuse of discretion standard based on
the sufficiency of the evidence that the fee was reasonable and necessary.  Land
Rover, 210 S.W.3d at 607.  A court abuses its discretion if it orders
“payment of a fee in excess of the product of the hours spent and the hourly
fee . . . .”  Id. at 608.

III.
 The Rule 11 Agreement

The hospital argues that the
parties had a binding Rule 11 settlement agreement that limited the amount of
guardian ad litem fees it would pay to $5,000.  We agree.  Texas Rule of Civil
Procedure 11 provides:

Unless otherwise
provided in these rules, no agreement between attorneys or parties touching any
suit pending will be enforced unless it be in writing, signed and filed with
the papers as part of the record, or unless it be made in open court and
entered of record.

 

Tex. R. Civ. P.
11.  The requirements for a Rule 11 agreement are satisfied “when
the terms of the agreement [are] dictated before a certified shorthand reporter,
and the record reflect[s] who [is] present, the terms of the settlement, and
the parties’ acknowledgement of the settlement.”  Cantu v. Moore, 90
S.W.3d 821, 824 (Tex. App.—San Antonio 2002, pet. denied).  

Here, the record shows that
the Rule 11 agreement was made in open court and entered of record.  Tex. R. Civ. P. 11.  The term limiting
the hospital’s obligation to pay ad litem fees to $5,000 was dictated before a
court reporter, and the court reporter’s record reveals that the hospital’s
attorney, the plaintiffs’ attorney, and De Leon were present.  Cantu, 90
S.W.3d at 824.  Most importantly, De Leon’s participation during the settlement
hearing confirms his acknowledgement of the Rule 11 agreement.  Id.  Although
we recognize the Rule 11 agreement was discussed prior to De Leon’s appointment
as guardian ad litem, the court did not formally approve the agreement until De
Leon was appointed.  Once De Leon accepted the appointment, the parties
continued to discuss the $5,000 limit.  The record shows that the court
confirmed that the hospital would only pay $5,000 in ad litem fees and then
asked what, if anything, co-defendant Dr. Mohamed would contribute to De Leon’s
fees.  The court then charged De Leon with calling Dr. Mohamed’s attorney’s
office to “advise” him of the ad litem fee arrangement, and De Leon answered,
“[v]ery well.”  De Leon’s acknowledgement of the Rule 11 agreement is further evidenced
by his own testimony, as he claimed he heard an attorney mention that the
hospital was “not paying any more than [$]5,000 and that’s it.”  In fact, De
Leon was concerned enough about that fee to approach the judge after the
hearing to ask, off the record, “my understanding is that you are the one who
at the end of the day makes the determination of what my fees are going to be.”[6]

De Leon did not object to
the $5,000 fee limit during this hearing.  That De Leon believes his
misunderstanding or confusion over the agreement renders it unenforceable, as
he now appears to argue, is perhaps indicative of his lack of experience.  If
De Leon knew that his work on the case would exceed the $5,000 agreed-upon fee,
it was incumbent upon him to either decline the appointment or bring the matter
to the attention of the court in the proper manner.  See Tex. R. Civ. P. 173.4(d)(3)(B) (noting
that an ad litem may not participate in any part of litigation “unless the
participation is directed by the court in a written order stating sufficient
reasons.”).

The parties had a valid Rule
11 agreement regarding the guardian ad litem fees.  De Leon has not presented
any argument as to why the Rule 11 agreement should not be enforced, other than
his misunderstanding of the terms and his assertion that he never acknowledged
the agreement.  With the record before us, however, we find these arguments
unpersuasive.  We hold that the trial court abused its discretion when it ruled
that De Leon was not part of the Rule 11 agreement, because the record clearly
shows otherwise.[7] 
A valid Rule 11 agreement existed, and the trial court had a ministerial duty
to enforce it.  See EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex.
1996).

We sustain the hospital’s
first issue.  Because this ruling is dispositive of the hospital’s second,
third, and fourth issues, we need not address those issues.  See Tex. R. App. P. 47.1 (“The court of
appeals must hand down a written opinion that is as brief as practicable but
that addresses every issue raised and necessary to final disposition of the
appeal.”).

IV. 
Appellate Fees

            By
its fifth issue, the hospital also challenges the trial court’s award of
appellate fees to De Leon.  As noted, the representation of a guardian ad litem
is limited to matters related to the suit for which the ad litem is appointed.  Gamez,
894 S.W.2d at 756-57.  Accordingly, a guardian ad litem may not recover fees
for services rendered after resolution of the conflict for which he or she is
appointed.  Id. at 757.  In determining whether an ad litem is entitled
to recover additional fees incurred on appeal, the Texas Supreme Court has held
that when the ad litem is representing the interests of his client on appeal,
as opposed to his own interests, the ad litem is entitled to compensation
without regard to the success of the appeal.  See Cahill v. Lyda, 826
S.W.2d 932, 933 (Tex. 1992) (per curiam).  However, courts have since held that
a guardian ad litem cannot recover additional fees if a defendant disputes the
ad litem fee awarded.  See, e.g., Holt Tex., Ltd. v. Hale, 144 S.W.3d 592,
597-98 (Tex. App.–San Antonio 2004, no pet.); Harris County Children’s
Protective Servs. v. Alvaro, 77 S.W.3d 336, 342 (Tex. App.–Houston [14th
Dist.] 2002, pet. denied) (holding trial court did not have discretion to award
ad litem any amount for attorney’s fees incurred in defense of the ad litem’s
fee); J.D. Abrams, Inc v. McIver, 966 S.W.2d 87, 97 (Tex. App.–Houston
[1st Dist.] 1998, pet. denied) (concluding that ad litem was not entitled to
attorney’s fees and costs on appeal because no conflict existed between the
ward and guardian for purposes of appeal in that only issue on appeal was ad
litem’s fees); see also In re Glasser, 297 S.W.3d 369, 378-79 (Tex.
App.–San Antonio 2009, no pet.) (noting that an attorney ad litem is not
entitled to recover fees under the probate code “for representing his own
interests, rather than those of his involuntary client, on appeal”); but see
DeSai v. Islas, 884 S.W.2d 204, 206 (Tex. App.–Eastland 1994, writ denied)
(holding that fees incurred by ad litem in defending original fee award are
fees resulting from the ad litem’s appointment and services and as such were
properly awarded).

We conclude that Rule 173
only authorizes guardian ad litem fees for the representation of a minor, and
not for the representation of the ad litem’s own interest.  See Tex. R. Civ. P. 173.  Accordingly, the
trial court abused its discretion in awarding De Leon fees for any appeals
related solely to the dispute over his ad litem fees.  See Holt Tex., Ltd.,
144 S.W.3d at 598.  The hospital’s fifth issue is sustained. 

V.  Conclusion

            We reverse the
trial court’s judgment and render judgment awarding De Leon guardian ad litem fees
of $5,000 and no fees for appeal.

 

 

                                                                                                

                                                                                                DORI
CONTRERAS GARZA

                                                                                                Justice


 

Delivered
and filed the 

20th
day of January, 2011.









[1] Retired
Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to the Texas Government Code.  See Tex. Gov’t Code Ann. § 74.003 (Vernon
Supp. 2004).

 





[2] Naif Carlos Mohamed, M.D. was a
co-defendant in the underlying suit, as were Renaissance Women’s Healthcare,
P.A. and HCA Health Services of Texas, Inc.  These defendants are not parties to
this appeal.





[3]  Judge Juan Partida, judge of the 275th
Judicial District Court in Hidalgo County, Texas, presided over the initial
settlement hearing.  A substitute judge presided over the final ad litem
hearing.  





[4] According to the hospital, De Leon
billed twenty hours for work on January 19, 2009, including traveling to the
Hidalgo County Courthouse and speaking with the court coordinator.  The
Hospital notes correctly that the Hidalgo County Courthouse was closed on
January 19, 2009 for Martin Luther King, Jr. Day.  On appeal, De Leon states
that this was a “clerical error” and that he “input the time on a date
different that when he actually rendered the service.”

 





[5] The order provided that the hospital
was to pay 84% of the ad litem fee and that Renaissance Women’s Healthcare,
P.A. and Dr. Mohamed would pay 16% of the ad litem fee.





[6] Because this bold remark was made as
a sidebar off the record, the trial court’s response is not before us.





[7] We note that the substitute judge was
not present at the initial hearing.  We presume that the substitute judge
accepted De Leon’s version of the events that occurred at that initial hearing.