**CULLEN CENTER BANK & TRUST, Temporary Guardian of the Estate of Taffidie Nickole McGough, a Minor, Appellant,**

**v.**

**Bill WONZER and Linda Wonzer, Individually and as Next Friends and Temporary Joint Managing Conservators of Taffidie Nickole McGough, Appellees.**

**No. 01–93–00389–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 24, 1994.

Larry R. Veselka, Harold A. Odom, III, Houston, for appellant.

Leslie Werner De Soliz, on brief, G. Robert Friedman, Houston, for intervenors.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

## OPINION

HUTSON–DUNN, Justice.

This is an appeal from two post-judgment court orders. A recitation of the facts is necessary to present the points brought on appeal.

Taffidie Nickole McGough (Taffidie) suffered permanent brain damage from a near drowning in 1989. That incident resulted in a lawsuit that was tried to a jury during which G. Robert Friedman represented the Wonzers who prosecuted the suit. A settlement agreement was reached between the parties under which the defendants in the case agreed to pay approximately $17 million. The trial court approved the settlement and entered a final judgment. The judgment awarded Taffidie the following:

> The sum of Thirteen Million, Seven Hundred Fifty Thousand Dollars ($13,750,-000.00), plus accrued interest thereon, for the use and benefit of TAFFIDIE NICKOLE MCGOUGH, which sums are further apportioned as follows:
>
> a. One third of the amount awarded to TAFFIDIE NICKOLE MCGOUGH above, i.e. Four Million, Five Hundred Eighty Three Thousand, Three Hundred Thirty Three Dollars and Thirty Three Cents ($4,5834,333.33), plus accrued inter-

est is set aside for the payment of any and all attorney fees, and/or claims for attorney fees by any persons, attorneys at law, and/or law firms for legal services of every kind or nature, including costs of litigation and costs not recoverable as court costs from Defendants. In this connection the Court holds that Four Million, Five Hundred Eighty Three Thousand, Three Hundred Thirty Three Dollars and Thirty Three cents ($4,583,333.33) is the maximum amount, that shall ever be deducted and/or apportioned from the recovery of said minor, for legal services rendered, costs of litigation, court costs over and above the amounts that are recoverable court costs paid or to be paid by Defendants, claims by any and all attorneys who have represented or claim or who have claimed to have represented, said minor in connection with the subject matter made the basis of this suit to the date of signing this judgment. Said Four Million, Five Hundred Eighty Three Thousand, Three Hundred Thirty Three Dollars and Thirty Three Cents ($4,583,333.33) shall remain in the registry of the Court subject to further orders of this Court.

b. The balance of TAFFIDIE NICKOLE MCGOUGH'S award, i.e. Nine Million, One Hundred Sixty Six Thousand, Six Hundred Sixty Six dollars ($9,166,666.67), plus accrued interest, shall remain in the registry of the Court for the use and benefit of TAFFIDIE NICKOLE MCGOUGH subject to further orders of this Court.

In February of 1992, the trial court appointed Kelly J. Coghlan as a post-judgment guardian ad litem. On March 5, 1993, the court awarded $153,324.77 to Coghlan in fees and released and discharged him. Over objection of appellant, the court ordered the fees assessed as costs against the minor plaintiff. On March 22, the trial court signed another order, over appellant's objection, which allowed Friedman, attorney for the Wonzers, to withdraw all the money in the court registry from the fund set up specifically for the payment of attorney's fees.

Appellant, Cullen Center Bank and Trust as temporary guardian of the estate of Taffidie Nickole McGough, presents two points of error. It argues that the ad litem fees should have been deducted from the fund in section (a) of the judgment, which was set up for payment of attorney's fees, before Friedman was paid rather than assessing ad litem costs against the estate. Friedman, as intervenor, filed a reply brief and asks for sanctions. Coghlan is not a party to the appeal.

Guardian ad litem fees are taxed as part of the costs of a suit. *Rogers v. Walmart Stores, Inc.* 686 S.W.2d 599, 601 (Tex. 1985); *Minns v. Minns,* 615 S.W.2d 893, 897 (Tex.App.—Houston [1st Dist.] 1981, writ dism'd); TEX.R.CIV.P. 173. As a general rule, the successful party to a lawsuit is entitled to recover all costs from his adversary. *Rogers,* 686 S.W.2d at 601; TEX. R.CIV.P. 131. Nevertheless, the court may assess costs against any party to the litigation upon a showing of good cause. *Rogers,* 686 S.W.2d at 601; TEX.R.CIV.P. 141. The decision of a trial court regarding allowance and amount of ad litem fees and against whom the fee should be taxed should not be overturned absent abuse of discretion. *Celanese Chemical Co. v. Burleson,* 821 S.W.2d 257, 260 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Lofton v. Norman,* 508 S.W.2d 915, 922–23 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *Coastal States Gas Producing Co. v. Locker,* 436 S.W.2d 592, 596 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ).

In the order assessing the costs against Taffidie's estate, the trial court made the following findings:

This Court finds that good cause exists for assessing the fees as costs from the proceeds awarded the Minor Plaintiff since (1) the Defendant is no longer involved in this case, (2) the Guardian Ad Litem's services have directly benefitted the Minor, (3) the Guardian Ad Litem has been required to represent the Minor in appeals (mandamus actions) and other post-judgment matters that have been necessary due to conflicts of interest between the Minor and next Friends, and (4) the Texas Rules of Civil and Appellate Procedure must be read to provide a reasonable fee and source of payment for the necessary efforts of a Guardian Ad Litem since forcing attorneys

to accept court appointments for contingent representation would frustrate the effective representation of minors when the courts believed that conflicts of interest arise post-judgment.

Appellant argues that these findings do not provide a sound legal basis for assessing the costs against Taffidie's estate rather than against the fund set aside to pay attorney's fees. It asserts that finding three, which states that the ad litem was necessary due to conflict of interest between Taffidie and the Wonzers as next friends, supports a conclusion to assess the fees against the fund in section (a) rather than Taffidie's estate. They reason that because the fund in section (a) is actually an award to the Wonzers and the Wonzers caused the conflict, their fund should bear the cost. Appellant's argument is flawed in that there is no evidence in this record that the Wonzers caused the conflict of interest referred to in the court's third finding.

■ Appellant's next argument begins by highlighting a portion of section (a) of the judgment which states that the amount "is the maximum that shall ever be deducted ... for court costs over and above the amounts that are recoverable court costs paid or to be paid by defendants ..." Appellant states that since these ad litem fees are court costs over and above those paid by the defendant, they should be deducted from the fund in section (a) before the funds are paid to Friedman.

While section (a) does state that no other fees are to be deducted from the recovery of the minor, the paragraph goes on to say that the stated amount is to pay for the fees of all attorneys "who have represented, or claim or who have claimed to have represented, said minor in connection with the subject matter made the basis of this suit *to the date of the signing of the judgment.*" Therefore, by the very terms of the final judgment, the amount apportioned for attorney's fees was to encompass only those fees incurred pre-judgment, not post-judgment.

We overrule points of error one and two.

■ Intervenor brings one cross-point asserting that this appeal was taken for delay and without sufficient cause and asks this Court to impose sanctions against appellant under TEX.R.APP.P. 84. An appellate court may assess damages against an appellant if it finds that an appeal was taken for delay and without sufficient cause. *Mallia v. Bousquet,* 813 S.W.2d 628, 631 (Tex.App.—Houston [1st Dist.] 1991, no writ); TEX.R.APP.P. 84. In making these findings this Court must determine that the record clearly shows that appellant had no reasonable grounds to believe the case would be reversed, and has not pursued the appeal in good faith. *Finch v. Finch,* 825 S.W.2d 218, 226 (Tex.App.—Houston [1st Dist.] 1992, no writ).

We cannot say from this record that appellant clearly brought this appeal for purposes of delay and with insufficient cause or that the appeal was brought in bad faith.

We overrule the sole cross-point.

We affirm the judgment.