**FIESTA MART, INC., Appellant,**

v.

**Theresa HALL, as Next Friend of Trevina Hall, a Minor, Appellee.**

**No. 01–93–01154–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 22, 1994.

---

Marty Herring, Houston, for appellant.

Elizabeth Bonvillain Kamin, Houston, for appellee.

Before O'CONNOR, COHEN and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

We are asked to decide whether the trial judge abused his discretion in ordering the prevailing defendant to pay the minor plaintiff's guardian ad litem fee. We hold that Fiesta Mart, Inc., the defendant, did not meet its burden to bring forth a record showing error requiring reversal. We affirm.

### The Lawsuit

On October 21, 1988, 10–year–old Trevina Hall slipped near a freezer in Fiesta Mart, and fell on her left knee. Hall's mother, Theresa Hall filed suit against Fiesta for negligence, individually and as next friend for her daughter. The trial court appointed Dan Kamin as guardian ad litem to represent Trevina Hall's interests. The case was tried to a jury, which found no negligence on the part of Fiesta.

After the trial, the guardian ad litem filed a motion requesting the payment of his fees from Fiesta. The ad litem detailed his activities on Hall's behalf from January 1992 until August 1993, and estimated he spent 55 hours and 15 minutes on Hall's case. The ad litem requested a fee of $11,072.25 based on an hourly rate of $200 an hour. The trial court granted the ad litem's motion for payment of fees, but reduced the amount to $7,000. The court assessed costs to Hall, except for the ad litem's fee. The trial court denied Fiesta's motion for reconsideration of the assessment of the guardian ad litem's fee.

### Statement of Good Cause

In point of error one, Fiesta contends the trial court erred in assessing the cost of the guardian ad litem against it. Fiesta argues that because it was the successful party it is entitled to recover all costs. Fiesta contends Hall must establish good cause in the record for the trial court to assess the costs to the prevailing party. In her reply point, Hall contends the trial court has considerable discretion in designating who pays the fee. Hall argues it is Fiesta's burden to affirmatively show the trial court abused its discretion.

■ As a general rule, the successful party to a lawsuit is entitled to recover all costs from his adversary. TEX.R.CIV.P. 131; *Cullen Center Bank & Trust v. Wonzer*, 874 S.W.2d 757, 759 (Tex.App.—Houston [1st Dist.] 1994, no writ). Nevertheless, the court may assess costs against any party to the litigation upon a showing of good cause. TEX.R.CIV.P. 141; *Wonzer*, 874 S.W.2d at 759. Rule 141 states "The court may, for good cause, to be *stated on the record*, adjudge the costs otherwise than as provided by law or these rules." (Emphasis added.)

■ Rule 173 of the Texas Rules of Civil Procedure provides that a guardian ad litem is entitled to a reasonable fee to be taxed as part of the costs of the court. A court is permitted to assess costs on the prevailing party if good cause is shown on the face of the record. TEX.R.CIV.P. 141; *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex.1985); *Davis v. Henley*, 471 S.W.2d 883, 885 (Tex.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). The decision of a trial court regarding who should pay the ad litem fee should not be overturned absent abuse of discretion. *Wonzer*, 874 S.W.2d at 759.

In *Rogers*, the trial court stated in the judgment that it assessed ad litem costs against the prevailing defendant because the defendant had prolonged the testimony and presentation of evidence. *Rogers*, 686 S.W.2d at 600–01. The Supreme Court held the court's statement met the good cause requirement. *Id.* at 601. In *Davis*, the trial court stated in the judgment that it assessed ad litem costs against the prevailing defendant because the minor's estate did not have the funds to pay the guardian ad litem's fee. *Davis*, 471 S.W.2d at 884. We upheld the assessment of the guardian ad litem's fee against the prevailing defendants. *Id.* at 885.

The Eastland Court of Appeals recently decided a case with similar facts. *DeSai v. Islas*, 884 S.W.2d 204 (Tex.App.—Eastland, 1994, n.w.h.). In *DeSai*, the court appointed a guardian ad litem for the minor plaintiff in a medical malpractice case. The jury found the physician was not liable. The court ordered the plaintiff to pay all costs, except for the guardian ad litem fees, which the court taxed against the plaintiffs and defendant, jointly and severally. In *DeSai*, the transcript showed that the trial court conducted a hearing on the issues of the amount of the fee and how it should be paid. There was no statement of facts from that hearing. *Id.*, at 205. The appellate court held the physician (appellant) did not present a sufficient record to show the trial court abused its discretion. The appellate court presumed the trial court heard sufficient evidence to support its decision and the court properly stated its reasons for finding good cause to tax the costs against the prevailing defendant. *Id.*, at 206.

■ In this case, the record includes the transcript and a statement of facts from the trial on liability. In the transcript there is a notice of an oral hearing for October 11, 1993, to address Fiesta's motion to reconsider the award of guardian ad litem fees. The record does not include a statement of facts from that hearing. It is the appellant's burden on appeal to bring forth a record to show error requiring reversal. TEX.R.APP.P. 50(d); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987) (appellant had the burden to file statement of facts of hearing on ad litem fees to show abuse of discretion).

■ The trial court did not include in the final judgment or any other order a finding of "good cause" for assessing fees for the ad litem against Fiesta. Rule 141 requires the trial court, if it assesses costs against the prevailing party, to state good cause "on the record." Under rule 141, the trial court may state good cause in a written order or judgment, or orally in a hearing. *E.g., Dover Elevator Co. v. Servellon*, 812 S.W.2d 366, 367 (Tex.App.—Dallas 1991, no writ) (trial court made good cause statement on the record, not in a written order).

■ For the appellant to obtain a reversal, the appellant must show the appellate court that the trial court's judgment is erroneous. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); *Vannerson v. Vannerson*, 857 S.W.2d 659, 677 (Tex.App.—Houston [1st Dist.] 1993, writ denied). To do that, an appellant must present the appellate court with a record that shows the error about which the appellant complains. *Flores v.*

*Arrieta,* 790 S.W.2d 75, 76 (Tex.App.—San Antonio 1990, writ denied) (hearing on motion to transfer venue). When an appellant appeals from a ruling on a motion without a statement of facts from the hearing, the appellate courts indulge all presumptions in favor of the trial court's ruling. *Chappel Hills, Inc. v. Boatwright,* 702 S.W.2d 687, 690 (Tex.App.—Houston [14th Dist.] 1985, no writ) (appeal from order after hearing on motion to certify a class action); *see, e.g., 4M Linen & Uniform Supply Co. v. W.P. Ballard & Co.,* 793 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (hearing on a plea in abatement); *Vestal v. Jackson,* 598 S.W.2d 724, 725–26 (Tex.App.—Waco 1980, no writ) (hearing on a motion to compel answers to interrogatories); *Mossler v. Foreman,* 493 S.W.2d 627, 629 (Tex.App.—Houston [14th Dist.] 1993, writ ref'd n.r.e.) (hearing on a motion to strike a trial setting).

 Without a statement of facts from the good cause hearing on October 11, 1993, we do not know if the trial court made oral findings of good cause at that hearing. Without a record from that hearing, we presume the trial court made all necessary findings to support its assessment of costs.

 At oral argument, Fiesta's attorney suggested that once Fiesta, as the appellant, made its complaint on appeal regarding the lack of a good cause finding, the burden shifted to the appellee to file a record that showed there was no error. We disagree. The burden remains on the appellant to file a complete record to support its point of error; it does not shift to the appellee.

### Amount of ad litem's fee

We note that in a cross-point, the guardian ad litem contends the trial court erred in not awarding him the full $11,072.25 he requested. The ad litem argues there is nothing in the record to support the trial judge's reduction of his fee to $7,000.00.

 The amount of compensation awarded to a guardian ad litem is within the discretion of the court and will not be overturned unless a clear abuse of discretion is apparent from the record. *Smith v. Smith,* 720 S.W.2d 586, 591 (Tex.App.—Houston [1st Dist.] 1986, no writ). The test is whether the trial court's decision was arbitrary or unreasonable. *Id.* In determining the reasonableness of the fees awarded to the guardian ad litem, the trial court can consider such factors as the amount of time and work spent on the case. *Id.* In the guardian ad litem's motion for payment of guardian ad litem fees, he detailed each day he worked on Hall's case, the number of hours spent, and described the work done.

 We overrule Hall's cross-point for the same reason we overruled Fiesta's. Fiesta did not bring forth a statement of facts from the hearing on ad litem fees. Without a record from that hearing, the ad litem cannot show error requiring reversal. TEX.R.APP.P. 50(d).

We affirm.