# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00345-CV

---

**Dr. Robert Coolbaugh, D.C., Appellant**

**v.**

**Texas Department of Insurance-Division of Workers' Compensation and
Commissioner Ryan Brannan, in his Official Capacity, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-15-005776, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from the judgment of the district court of Travis County sustaining a plea to the jurisdiction and affirming an order of the Commissioner of Workers' Compensation. Appellant is Robert Coolbaugh, D.C.; appellees are the Texas Department of Insurance-Division of Workers' Compensation (the Division) and Commissioner Ryan Brannan (the Commissioner).

The Division and the Commissioner filed a multifaceted plea to the jurisdiction challenging the court's subject-matter jurisdiction. After hearing, the district court granted the plea and dismissed all of Coolbaugh's claims save for his claim for judicial review of the Commissioner's Penalty Order. After conducting the suit for judicial review, the district court rendered judgment affirming the Commissioner's Penalty Order. This Court will affirm the district court's judgment.

Coolbaugh filed a declaratory-judgment suit complaining, among other things, of two orders: (1) a 2013 order of the State Office of Administrative Hearings (SOAH) requiring him to pay a $8,326.90 refund to an insurance company as a final disposition of a medical-fee dispute (the Refund Order),[1] and (2) the order of the Commissioner imposing a $10,000 administrative penalty for his failure to comply with Division orders requiring him to produce requested information and to furnish proof of payment of the Refund Order to the insurance company (the Penalty Order).

Respecting the Refund Order, Coolbaugh asserted that the Division had acted beyond its authority regarding certain disputed medical bills; he also challenged one of the controlling agency rules.

In its plea to the jurisdiction, the Division claimed that the court lacked jurisdiction to review Coolbaugh's challenge to the Refund Order because it became final in October 2013, when he did not seek judicial review. According to the plea, SOAH rendered the Refund Order in August 2013. Coolbaugh did not challenge the Refund Order and it became final in October 2013. Coolbaugh filed the instant suit complaining of that order in December 2015.

From the parties' briefing and the correspondence between the district court and counsel, it is apparent that the district court determined the plea to the jurisdiction after an evidentiary hearing, yet Coolbaugh filed no reporter's record in this Court. *See Michiana Easy Livin' Country, Inc, v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) ("If the proceeding's nature, the trial court's order, the parties' briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish

---

[1] Early in the controversy, Coolbaugh made a $1,000 payment to the insurance company, thereby reducing the amount owed under the Refund Order to $7,326.90.

harmful error.")  In the absence of a reporter's record, this Court will presume that the evidence supports the district court's order.  *Fiesta Mart, Inc. v. Hall*, 886 S.W.2d 440, 442–43 (Tex. App.—Houston [1st Dist.] 1994, no writ).  Accordingly, we presume that the instant suit was filed more than two years after the Refund Order became final and conclude that the district court correctly determined that it lacked jurisdiction to review the order.  *See HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.).  His argument notwithstanding, Coolbaugh cannot side-step the district court's lack of jurisdiction to review the Refund Order "by cloaking . . . [his] complaint in the mantle of a suit for declaratory judgment." *S.C. San Antonio, Inc. v. Texas Dep't of Human Servs.*, 891 S.W.2d 773, 779 (Tex. App.— Austin 1995, writ denied).

To avoid the Division's plea to the jurisdiction asserting sovereign immunity, Coolbaugh alleged that the Penalty Order was an ultra vires act by the Commissioner.  In its order granting the plea to the jurisdiction, the district court concluded that Coolbaugh failed to plead a valid ultra vires claim against the Commissioner and dismissed him from the lawsuit.

The ultra vires exception to the sovereign-immunity doctrine permits suits against state officials for nondiscretionary acts unauthorized by law.  *Texas Dep't of Transp. v. Sefzik¸* 355 S.W.3d 618, 621 (Tex. 2011).  Coolbaugh alleged generally that the Division misapplied the Labor Code and the Division rules.  It is true that Coolbaugh sued the Commissioner in his official capacity, but as we understand his pleadings, he asserted no factual allegations against the Commissioner that are distinct from those of the Division as a whole.  The only distinct claim asserted against the Commissioner was that he undertook ultra vires acts in rendering the Penalty Order.  The Commissioner argues, correctly, that this cannot be a valid ultra vires claim since the

3

Labor Code expressly empowers him to assess administrative penalties for failure to comply with "a rule, order, or decision of the commissioner." Tex. Lab. Code § 415.021(a).

After hearing, the district court rendered judgment affirming the Commissioner's Penalty Order, which imposed a $10,000 administrative penalty for Coolbaugh's failure to comply with Division orders requiring him to produce requested information and to furnish proof of payment of the Refund Order to the insurance company.

Coolbaugh faults the Penalty Order because it imposes a penalty for violations of the Refund Order, which he claims is void and unconstitutional. However, he ignores the fact that the Refund Order is now final and cannot be challenged. The Division and the Commissioner argue that the district court correctly determined that the Commissioner's Penalty Order is supported by substantial evidence. We agree.

In a substantial-evidence review, the court presumes that the agency order is supported by substantial evidence and the burden is on the contestant to prove otherwise. *Texas Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 453 (Tex. 1984). The court may not substitute its judgment for that of the agency as to the weight of the evidence on matters committed to agency discretion. *Board of Law Exam'rs v. Stevens*, 868 S.W.2d 773, 777 (Tex. 1994). If reasonable minds could have reached the conclusion that the agency did in the record presented, then the court will affirm the agency order. *Id.* at 777–78.

After Coolbaugh indisputably failed to comply with the Division's orders, the Division staff filed a complaint with SOAH seeking imposition of a $30,000 administrative penalty. The administrative law judge conducted a hearing to determine the appropriate amount of the penalty. The Division's case was presented by one witness, Darrell Cooper, the Division's Manager of Audits and Investigations. Cooper testified that the Division analyzes the factors in

4

section 415.021(c) in evaluating the amount of the administrative penalty. At the date of the hearing, that section provided:

> (c) In assessing an administrative penalty:
>
> > (1) the commissioner shall consider:
> >
> > > (A) the seriousness of the violation, including the nature, circumstances, consequences, extent and gravity of the prohibited act;
> > >
> > > (B) the history and extent of previous administrative violations;
> > >
> > > (C) the demonstrated good faith of the violator, including actions taken to rectify the consequences of the prohibited act
> > >
> > > (D) the penalty necessary to deter future violations;
> > >
> > > (E) other matters that justice may require; and
> >
> > (2) the commissioner shall, to the extent reasonable, consider the economic benefit resulting from the prohibited act.

Tex. Lab. Code § 415.021(c).

Measuring Coolbaugh's conduct against these factors, Cooper testified that Coolbaugh's violation was serious because of the amount owed and his on-going non-compliance—Cooper was 1,400 days late in payment as of the hearing. He testified further, "An order violation is considered [a] very serious violation. All system participants that have statutory duties are expected to comply with their requirements without being ordered, but if they fail to, the commissioners can issue orders [for them] to come into compliance. If they fail to comply with those orders, then it makes it virtually impossible for the agency to regulate the system."

Cooper also attested that Coolbaugh had not complied with Division orders requesting information. Cooper noted that Coolbaugh had received two warning letters in the

5

past about late submission of forms. He also opined that Coolbaugh failed to demonstrate good faith in that he did not respond to the Division orders and that he still owed the refund to the insurance companies.

Coolbaugh testified concerning claimed mitigating factors which he asserted should result in no administrative penalty.

The administrative judge filed a proposal for decision concluding that the Division was entitled to an order finding that an administrative penalty in the sum of $7,326.90 was warranted. The Commissioner adopted the proposal for decision with the modification that the administrative penalty be increased to $10,000.

It is undisputed that Coolbaugh failed to reply to orders for production or provide proof of payment of the refund to the insurance company. Accordingly, the Division was authorized to assess an administrative penalty. Under this record, this Court has concluded that the Commissioner's imposition of the $10,000 Penalty Order is amply supported by substantial evidence.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Chief Justice Rose, Justices Kelly and Shannon*

Affirmed

Filed: September 10, 2019

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).