# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-19-00020-CV

**Mark Seiler, Appellant**

**v.**

**Stacey Seiler, Appellee**

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-005170, THE HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mark Seiler filed pro se in Travis County district court a petition for divorce that included a suit affecting the parent-child-relationship (SAPCR) for two children of the marriage, then ages four and two, and a request for temporary orders.  In response, Stacey Seiler filed a combined answer, plea in abatement, and motion asking the trial court to dismiss the divorce suit on equitable forum non conveniens grounds and to decline to exercise its home-state child-custody jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), as codified in the Texas Family Code.  *See* Tex. Fam. Code §§ 152.201 ("Initial Child Custody Jurisdiction"), .207 ("Inconvenient Forum").  Nearly concurrently with the Texas proceedings, Stacey[1] had filed in Superior Court of California, County of Riverside, an Emergency Protective Order and a Temporary Restraining Order, and in Superior Court of California, County of Placer, a Petition for Legal Separation of Marriage shortly after Mark

---

[1] Because the parties share the same surname, we will refer to them by their first names.

filed his divorce petition. After an evidentiary hearing, the Court granted Stacey's motion and dismissed Mark's case. Mark contends that the trial court abused its discretion in granting the motion because there is legally and factually insufficient evidence to support its findings of fact, conclusions of law, and ultimate determination that Texas is an inconvenient forum to make a custody determination and that Riverside County, California is a more appropriate forum. For the following reasons, we will affirm the trial court's order.

## BACKGROUND

The parties were married in 2013 and have two minor children from the marriage. The trial court found that the parties resided in California from before they were married until November 2014 and in Austin, Texas from November 2014 to August 2018. Mark filed for divorce in Texas on August 27, 2018. After unsuccessful attempts at service of process on Stacey, the trial court granted Mark's motion for alternative service. After service on Stacey was effectuated in California, she filed a "Request for Court to Decline Jurisdiction and Motion to Dismiss the Divorce Action in Texas, Plea in Abatement, and Original Answer." In her motion, Stacey argued that Texas is an inconvenient forum to make a custody determination and that Riverside County, California is a more appropriate forum to adjudicate custody and the divorce.

Stacey attached several exhibits (comprising seventy-five pages) to her motion, including: copies of an emergency protective order, a temporary restraining order, and a criminal protective order–domestic violence issued against Mark by California state courts; a copy of her declaration outlining acts of domestic violence allegedly committed by Mark against her; photographs of injuries; and a copy of the petition for legal separation and child custody that she filed in Placer County, California, on September 14, 2018.

2

Mark was the only witness to testify at the hearing on Stacey's motion to dismiss. He did not testify about any alleged domestic violence, and the record reflects that his counsel "advised [him] to invoke the fifth amendment when necessary." The trial court admitted as exhibits copies of two short emails from Stacey to Mark. In one of the emails, dated September 20, 2018, Stacey informed Mark that she had obtained a temporary restraining order in California against him because she "is fearful of" him. The transcript from the hearing indicates that the trial court communicated with two California judges about the proceedings in their respective courts, but the substance of those communications is not in the record.

The trial court's order granting Stacey's motion recites,

> The Court . . . finds, after conferring with the [two California judges] that (1) Texas is an inconvenient forum pursuant to Texas Family Code Section 152.207 to make a custody determination under the circumstances in this case, and Riverside County, California is a more appropriate forum for determination [of] possession and access; and (2) Riverside County, California currently has a Temporary Restraining Order pending in FLIN1800265 involving the parties in this cause and Placer County, California has Cause number SDR005520 Petition for Separation suit pending.

> Texas policy is that children have frequent and continuous contact with both parents, and this Court requests that the Riverside County Court in California expedite a hearing regarding possession and access for Mark Seiler as deemed appropriate by that Court.

Mark filed a request for findings of fact and conclusions of law and a notice of past-due findings and conclusions, after which the trial court issued findings of fact and conclusions of law. Mark raises numerous issues on appeal, most of which challenge the sufficiency of the evidence supporting many of the trial court's findings of fact. He also challenges several of the trial court's conclusions of law and contends that the trial court abused

3

its discretion by declining to exercise jurisdiction over this cause on the basis of its determination that Texas is an inconvenient forum to determine custody issues. *See* Tex. Fam. Code § 152.207.

## STANDARD OF REVIEW

We review a trial court's decision to decline to exercise jurisdiction as an inconvenient forum for abuse of discretion. *Baggs v. Becker*, No. 03-07-00731-CV, 2009 WL 280664, at \*2 (Tex. App.—Austin Feb. 6, 2009, pet. denied) (mem. op.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, without regard for guiding rules or principles, or without supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). However, we may not reverse simply because we disagree with the trial court's decision. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In reviewing a trial court's order for an abuse of discretion, we view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor. *Baggs*, 2009 WL 280664, at \*2; *Adams v. Baxter Healthcare Corp.*, 998 S.W.2d 349, 356 (Tex. App.—Austin 1999, no pet.).

Under an abuse-of-discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error but are relevant factors in determining whether the trial court abused its discretion. *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.). In this analysis, "we ask first whether the trial court had sufficient information on which to exercise its discretion . . . and if so, whether it acted reasonably in the application of its discretion." *Reagins v. Walker*, 524 S.W.3d 757, 761 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We apply traditional sufficiency standards of review to answer the first question. *Id.*; *Blackwell v. Humble*, 241 S.W.3d 707, 715 (Tex. App.—Austin 2007, no pet.).

4

In a legal-sufficiency review, we examine the evidence in the light most favorable to the verdict, credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010). In a factual-sufficiency review, by contrast, we consider all the evidence in the record and may set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong or manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Gonzales v. Maggio*, 500 S.W.3d 656, 662 (Tex. App.—Austin 2016, no pet.). We review the trial court's findings of fact for legal and factual sufficiency under the same standards. *See Chevron Pipeline Co. v. Strayhorn*, 212 S.W.3d 779, 783–83 (Tex. App.—Austin 2006, pet. denied). If we determine that the evidence is legally and factually sufficient for the trial court to exercise its discretion, we then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.).

## DISCUSSION

In several issues, Mark contends that the evidence was legally and factually insufficient to support many of the trial court's findings of fact and conclusions of law.[2]

---

[2] Mark challenges the court's findings that: he has committed domestic violence against Stacey and engaged in several specific assaultive behaviors against her on two occasions; a California court has issued a three-year criminal protective order against him; the witnesses and evidence required to resolve the "pending litigation" are predominately in California and not susceptible to compulsory attendance as witnesses; neither party has "any family members who live in Texas"; and "the burden of costs of litigation and expenses and inconvenience of the witnesses would be more of a strain if Texas were to hold jurisdiction." He challenges the trial court's legal conclusions that: Texas is an inconvenient forum to make a custody determination under the circumstances in this case; Riverside County, California has a temporary restraining order pending involving the parties; and Riverside County, California is a more appropriate forum for the determination of possession of and access to the children.

One main argument underlies all of his issues: the trial court did not have sufficient evidence before it to make a determination that Texas is an inconvenient forum to adjudicate custody issues.[3] Mark specifically contends that the "unsubstantiated" information attached to Stacey's pleadings, on which the trial court impliedly relied in making its findings and conclusions, does not constitute "evidence" that may support an inconvenient-forum determination, citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979) (noting, in summary-judgment context, that pleadings are not evidence unless admitted as evidence by trial court), and *Ceramic Tile International, Inc. v. Balusek*, 137 S.W.3d 722, 725 (Tex. App.—San Antonio 2004, no pet.) (noting, in jury-trial context, that documents attached to pleadings are not evidence). We disagree.

Although at the hearing on Stacey's motion the only evidence admitted was Mark's limited testimony and the two emails from Stacey to Mark, the trial court is not limited to the evidence duly admitted at the hearing in making its section 152.207 forum determination but may also rely on affidavits and exhibits attached to the motions and pleadings. *See Lesem v. Mouradian*, 445 S.W.3d 366, 375 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Belmonte v. Belmonte*, No. 09-07-225-CV, 2008 WL 2057903, at *3 (Tex. App.—Beaumont May 15, 2008, no pet.) (mem. op.). Likewise, a trial court is not required to conduct an evidentiary hearing on a

---

[3] The Family Code requires a divorce suit to include a SAPCR if there are children of the marriage. *See* Tex. Fam. Code § 6.406(b). While a divorce and a SAPCR are "two separate and distinct suits," *see In re Marriage of Morales*, 968 S.W.2d 508, 511 (Tex. App.—Corpus Christi-Edinburg 1998, no pet.), and a trial court may exercise partial jurisdiction over only some portions of a divorce suit, *see* Tex. Fam. Code § 6.308, the trial court apparently treated the divorce and SAPCR as one interrelated lawsuit, and Mark does not raise any issues on appeal challenging such treatment or the trial court's dismissal of the divorce portion of his lawsuit. Rather, his appellate issues pertain only to the trial court's findings on and weighing of the UCCJEA statutory factors applicable to SAPCRs, *see id.* § 152.207, and its conclusion that California is "a more appropriate forum for the determination of possession of and access to the children." Therefore, we will not address the dismissal of Mark's divorce. *See* Tex. R. App. P. 38.1(f).

section 152.207 motion. *See In re T.B.*, 497 S.W.3d 640, 646 (Tex. App.—Fort Worth 2016, pet. denied); *Lesem*, 445 S.W.3d at 375; *Dickerson v. Doyle*, 170 S.W.3d 713, 719-20 (Tex. App.—El Paso 2005, no pet.). This comports with other contexts in which courts routinely make procedural determinations on the basis of exhibits attached to motions. *See, e.g.*, *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782–83 (Tex. 2005) (noting, in special-appearance context, that trial courts may consider deposition excerpts, discovery responses, and affidavits attached to motions and filed with clerk); *Crum & Forster Specialty Ins. v. Creekstone Builders, Inc.*, 489 S.W.3d 473, 481 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (noting that, in making forum non conveniens determination in non-family-law context, trial court is not limited to evidence admitted at evidentiary hearing on motion but "may consider any evidence properly before it, including evidence attached to the defendant's forum non conveniens motion").

Additionally, the inconvenient-forum statute permits the trial court to rely on "information" of the type that Stacey attached to her motion:

> Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, **the court shall allow the parties to submit information** and shall consider all relevant factors, including:
>
> > (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
> >
> > (2) the length of time the child has resided outside this state;
> >
> > (3) the distance between the court in this state and the court in the state that would assume jurisdiction;
> >
> > (4) the relative financial circumstances of the parties;
> >
> > (5) any agreement of the parties as to which state should assume jurisdiction;
> >
> > (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

7

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

Tex. Fam. Code § 152.207(b) (emphasis added).

Because of the relevant caselaw permitting trial courts to consider exhibits attached to motions, and in light of the statute's reference to "information" submitted by the parties, we reject Mark's contention that the evidence supporting a trial court's ruling on a section 152.207 motion must be duly admitted to constitute legally and factually sufficient evidence and that the court could not consider Stacey's "unsubstantiated" information because it did not constitute "evidence." We therefore consider all of the evidence in the record that is relevant to the above factors to determine whether the trial court had sufficient information on which to exercise its discretion and, if so, whether it acted reasonably in the exercise of its discretion. *See Reagins*, 524 S.W.3d at 761. The factors listed in section 152.207 are non-exclusive, and the court need not have before it information bearing on all of the factors. *See In re Meekins*, 550 S.W.3d 729, 741–42 & n.6 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

The record includes significant evidence bearing on the first factor in the form of Stacey's declaration and California court documents attached to her motion. In her declaration, Stacey averred that Mark "has a long history of domestic violence," with the most recent assaults occurring in April 2018 and August 2018. Stacey averred that in April 2018, Mark, who was drunk, "attacked" her; threatened to kill her, the children, and the dog; and said that after he killed the family he would be "free to go on a killing rampage." She further averred that in August 2018, while the family was in California, Mark "snapped over a discussion about sunscreen," punched the dog, and pushed open the door to a bedroom in which Stacey had taken

8

the children and dog for protection. She averred that the next day, after Mark again "snapped" over a discussion about buying a house in Texas, he "verbally abus[ed]" her, threw his cell phone at her, chipping her tooth and "busting [her] chin open," and ran after her and the children as they tried to escape. She submitted photographs of her injuries. Stacey also averred that Mark had been terminated from jobs twice in the previous four years, in part due to his "los[ing] his temper on various occasions" and "difficulty getting along with co-workers." Mark did not controvert the evidence of domestic violence in his testimony or otherwise.[4] The trial court appears to have attributed significant weight to this factor, as reflected in its statement at the hearing: "[T]he domestic violence case is going to permeate not only whether it [the SAPCR] stays there or it stays here. It's going to permeate the entire proceeding, be it on the criminal side, the civil protective order or the divorce. That's a factor and it will impact conservatorship, it will impact the possession and access of the children."[5] This factor weighs in favor of the action being dismissed on the basis that the Riverside County, California forum is more appropriate.

---

[4] Mark asks that we take judicial notice, pursuant to Rule 201 of the Texas Rules of Evidence, of two records from the Superior Court of Riverside County, California—one purportedly reflecting a jury's acquittal of the assault-with-a-deadly-weapon charge against him and one purportedly terminating the criminal protective order that had been entered against him. We decline to take judicial notice of these documents. *See FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 147–48 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting that although appellate courts may take judicial notice in certain circumstances, they generally do not take judicial notice of documents that were not before trial court when it made its challenged finding). Further, appellate courts are reluctant to take judicial notice of matters that go to the merits of a dispute. *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ) ("As a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law . . . .").

[5] The comments of the National Conference of Commissioners on Uniform State Laws lend support to the trial court's weighing of this factor. *See* Uniform Child Custody Jurisdiction and Enforcement Act § 152.207, cmt. (Nat'l Conference of Comm'rs on Unif. State Laws) ("[This factor] is concerned specifically with domestic violence and other matters affecting the

Regarding the second factor, Mark testified that the older child had resided in California until he was about six months old and that the younger child had lived in Texas his entire life of about thirty-six months, except for the latest period when the family was on vacation in California, during which the most recent alleged domestic violence occurred, and that Stacey and the children have remained in California since that incident. This factor weighs in favor of the action remaining in Texas. Regarding the third factor, there was no evidence about the distance between California and Texas, and although the trial court could have taken judicial notice of the distance between the states, which is significant, this factor does not weigh in either direction.

The trial court had limited evidence about the fourth factor—the parties' relative financial circumstances—other than that Mark was unemployed and receiving Texas unemployment compensation, that the parties had a joint account with $575,000 in it, that Stacey had since withdrawn $180,000 from the joint account, and that Mark had the financial means to fly witnesses in from out of state if need be. The evidence on this factor does not weigh in either direction. The trial court had no evidence of any agreements between the parties as to which state would exercise jurisdiction (the fifth factor).

As for the nature and location of the evidence—the sixth factor—the alleged most recent domestic violence occurred in California, which is where the children and Stacey were residing at the time of the hearing, while Mark had primarily been in Texas since the incident. However, there is nothing in the record about the nature or location of other witnesses or

_____

health and safety of the parties. . . . [T]he court should determine whether the parties are located in different states because one party is a victim of domestic violence or child abuse. If domestic violence or child abuse has occurred, this factor authorizes the court to consider which state can best protect the victim from further violence or abuse.").

evidence pertaining to custody and possession, about whether any witnesses are susceptible to compulsory attendance at a hearing, or about the expenses or amount of inconvenience that any witnesses would incur depending on the forum. We therefore conclude that the trial court's findings of fact number fifteen—that "the witnesses and evidence required to resolve the pending litigation are predominately in California and are not susceptible to compulsory attendance as a witness"—and sixteen—that "the burden of costs of litigation and expenses and inconvenience of the witnesses would be more of a strain if Texas were to hold jurisdiction"—are not supported by legally or factually sufficient evidence. We similarly conclude that there was insufficient evidence to support the portion of the trial court's finding number five that "neither [party] currently ha[s] any family members who live in Texas" because the only evidence on the issue—Mark's testimony—conclusively establishes that Stacey has a step-sister who lives in El Paso. *See Lofton v. Texas Brine Corp.*, 777 S.W.2d 384, 386 (Tex. 1989) (noting exception to general rule that testimony of interested witness may not conclusively establish disputed fact for when "the testimony could be readily contradicted if untrue, and is clear, direct and positive, and there are no circumstances tending to discredit or impeach it"). However, we are unable to conclude that these unsupported findings probably resulted in an improper section 152.207 determination by the trial court, considering the balance of all of the factors, the significance of the domestic-violence findings, and the discretion we afford to the trial court's determination.[6] *See* Tex. R. App. P. 44.1; *see also McCraw v. Maris*, 828 S.W.2d 756, 759 (Tex. 1992) (noting that

---

[6] Furthermore, as to finding of fact five, there was no evidence about how close the step-sister was to Mark, Stacey, or the children and whether she would be a relevant witness in the SAPCR proceedings.

11

determination of whether error probably caused rendition of improper judgment "necessarily is a judgment call entrusted to the sound discretion and good senses of the reviewing court").

As for factors seven and eight, the hearing transcript, finding of fact seventeen,[7] and the trial court's order[8] dismissing Mark's petition indicate that the trial court communicated with the judges of two of the California courts in which proceedings were pending—Placer County, in which Stacey's petition for legal separation was pending, and Riverside County, which issued the temporary restraining order. No record was made of those communications and we therefore cannot determine how their substance may have affected the balance of relevant factors. *Cf.* Tex. Fam. Code § 152.110(f) (requiring record to be made of communications between court of this State and court in another state concerning chapter 152 proceedings). However, the record does not reflect that either party objected to the lack of a record of those communications, *see In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied) (party who does not object to failure of trial court to make record of proceedings waives any complaint about issue on appeal), and in the absence of a record of them, we must presume that the evidence adduced supports the trial court's express and implied findings on the relevant factors, *see Barry v. Jackson*, No. 03-11-00549-CV, 2013 WL 6464966, at *2 (Tex. App.—Austin Nov. 26, 2013, no pet.) (mem. op.); *Fiesta Mart, Inc. v. Hall*, 886 S.W.2d 440, 442–43 (Tex. App.—Houston [1st Dist.] 1994, no writ); *see also Belmonte*, 2008 WL 2057903, at *4

---

[7] Finding of fact seventeen recites, "During the hearing on October 17, 2018, Judge Naranjo conferred with Judge Dale Wells and Judge John Paulson in Riverside County and Placer County, California."

[8] The order reads, "The Court . . . finds, after conferring with the [sic] Judge Dale Wells and Judge John Paulson in Riverside County and Placer County, California, that . . . Texas is an inconvenient forum . . . to make a custody determination under the circumstances of this case . . . ."

12

(presuming that trial court's conversation with court in another state supported judgment when findings of fact and conclusions of law were not requested or filed, no record was made of conversation, and neither party objected to failure to record conversation).

On this record, we are unable to conclude that the trial court abused its discretion in determining that Riverside County, California is a more appropriate forum for adjudicating possession of and access to the children, considering the absence of or minimal evidence on some factors, the neutral evidence on other factors, the significant evidence on the factor relating to family violence, and the implied findings that we must presume in favor of the trial court's determination due to the lack of a complete record of the hearing. We conclude that the trial court had sufficient evidence in the record on which it could exercise its discretion, and that the court acted reasonably in the application of its discretion. *See Reagins*, 524 S.W.3d at 761.

## CONCLUSION

We affirm the trial court's order granting Stacey's Family Code section 152.207 motion to decline jurisdiction and dismiss the case.

_____
Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: January 8, 2021

13